Argued and submitted September 23, 1997, reversed and remanded in part; otherwise affirmed April 1, petition for review denied July 21, 1998 (327 Or 432)

## The DEPARTMENT OF ENVIRONMENTAL QUALITY,
*Respondent,*

*v.*

## BANEY CORPORATION
and Curtis Baney,
*Appellants.*

(9411-07727; CA A92250)

956 P2d 1060

John A. Berge argued the cause for appellants. With him on the briefs was Bryant, Lovlien & Jarvis, P.C.

John T. Bagg, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Virginia L. Linder, Solicitor General.

Before Riggs, Presiding Judge, and Landau, Judge, and Rossman, Senior Judge.

LANDAU, J.

## LANDAU, J.

The Oregon Department of Environmental Quality (DEQ) initiated this action to obtain access to the property of defendant Baney Corporation for the purpose of installing a well to monitor contamination of groundwater. The trial court enjoined Baney Corporation to permit the access and awarded DEQ attorney fees. On appeal, Baney Corporation challenges the trial court's attorney fee award, contending both that DEQ is not statutorily entitled to fees and that the amount of the fees is unreasonable because, among other things, the award exceeded DEQ's request. We conclude that the trial court did not err in awarding fees to DEQ, but we reverse and remand for reconsideration of the amount of the award.

The relevant facts are not in dispute. DEQ obtained information that gasoline was leaking from an underground storage tank located on property owned by Shell Oil Company (Shell) adjacent to Baney Corporation's property. DEQ required Shell to develop a corrective action plan for the site and also required, as part of that plan, the monitoring of the site to determine the extent of groundwater contamination. Shell attempted repeatedly to gain access to Baney Corporation's property to dig a well for the purpose of testing whether groundwater contamination had reached Baney Corporation's property. Baney Corporation refused. DEQ attempted to gain access to the property, and Baney Corporation again refused.

DEQ then initiated this action, pursuant to ORS 465.250(3), which provides DEQ with authority to seek a court order requiring a property owner to allow DEQ entry to facilitate its hazardous waste removal or remedial action efforts. DEQ named as defendants both Baney Corporation and Curtis Baney, the president of the corporation, whom DEQ understood to be the sole shareholder of the corporation. Discovery revealed that Baney was not the sole shareholder of the corporation and that he had played no part in refusing DEQ access to the property. Baney moved to be dismissed from the proceeding, and DEQ did not oppose the motion. Both DEQ and Baney Corporation then moved for

summary judgment. In support of its motion, DEQ offered uncontradicted evidence that, without direct access to the corporation's property, it would be impossible to determine with certainty the extent of the contamination of groundwater caused by the release on the Shell property. DEQ also offered uncontradicted evidence that a well could be drilled on the corporation's property at a time of the corporation's choosing, that once drilled the well would occupy 12 inches of lateral space on the property, that it would protrude one to two inches above the ground and that samples could be taken once every three months, at a time convenient to the corporation.

The trial court granted DEQ's motion, denied Baney Corporation's and entered judgment for DEQ requiring the corporation to provide access to DEQ for the drilling of the well and the monitoring of groundwater.

DEQ then petitioned for an award of attorney fees. DEQ requested $9,666.04, but it did not include an itemization of services. In its memorandum in support of the petition, DEQ argued that it was entitled to attorney fees under ORS 465.255(1)(e), because Baney Corporation had hindered its investigation of, and remedial action at, the Shell property. Baney Corporation objected to the petition on two grounds. First, it contended that DEQ's petition was insufficiently detailed to justify the award requested. Second, it contended that ORS 465.255(1)(e) does not support an award of fees in this case, because it applies only when a person interferes with access to a site of a hazardous waste release itself and because it permits an award of fees only as part of the remedial action at the release site, not neighboring property. DEQ responded with an amended, more detailed, petition in the amount of $9,477.90; DEQ explained that its original petition was incorrect and that it was now requesting the lower amount. Meanwhile, defendant Baney submitted a petition for attorney fees. He contended that he was entitled to the award under ORS 182.090, because DEQ had initiated the action against him without basis in fact or law. The trial court allowed DEQ's petition for an award of fees, but awarded $9,666.04, the amount of the original, not the amended, petition. It denied Baney's petition.

On appeal, Baney Corporation first contends that the trial court erred in awarding fees to DEQ, because ORS 465.255(1)(e) does not apply, for the same two reasons that it asserted to the trial court. ORS 465.255(1)(e) holds strictly liable for the DEQ's "remedial action costs," damages and injury "[a]ny person who unlawfully hinders or delays entry to, investigation of or removal or remedial action at a facility." The term "remedial action costs" means those costs that are "attributable to or associated with a removal or remedial action at a facility," and are statutorily defined to include the costs of "legal or enforcement activities." ORS 465.200(23). The term "remedial action" includes cleanup actions at the site of the facility, offsite transport and storage and "such actions as may be necessary to monitor, assess, evaluate or investigate a release or threat of release." ORS 465.255(1)(b). The term "facility" includes any site where a release of hazardous substances has occurred or where there is a threat of a release of hazardous substances. ORS 465.200. In this case, it is undisputed that Baney Corporation unlawfully hindered DEQ's investigation of, and remedial action at, the Shell facility, where a release of gasoline had occurred.

Baney Corporation's arguments that the statute nevertheless does not apply are without merit. First, its contention that the statute does not apply because Baney Corporation was not the "facility" at which the remedial action was taking place is untenable in the face of statutory language providing that "[a]ny person"—not merely the owners of a facility at which a release has occurred—who interferes with DEQ's investigation of a facility is strictly liable for remedial action costs. Second, its contention that the "remedial action" costs for which it may be held strictly liable include actions only at the facility itself is contradicted by the statutory definition of "remedial action" to include offsite activities and "such actions necessary to monitor" the release or the threat of release. ORS 465.200(22). In this case, the evidence was uncontradicted that offsite monitoring was necessary to evaluate the extent of the release at the Shell facility.

The Supreme Court's decision in *Cash Flow Investors, Inc. v. Union Oil Co.*, 318 Or 88, 862 P2d 501 (1993), is not to the contrary. In that case, the court held that, as used

in ORS 465.255, "remedial action costs" refers to the costs attributable to or associated with the "actual physical process or processes undertaken in response to a release or threatened release of hazardous substances * * * including costs of legal and enforcement activities." *Id.* at 94. The court distinguished as not recoverable costs arising from a separate proceeding to shift liability for remedial action costs. *Id.* This is not a separate proceeding to shift liability for remedial action costs. It is an action by which DEQ attempted to complete the "actual physical process or processes undertaken in response to a release * * * of hazardous substances," namely the monitoring of the extent of the release itself.

■    Baney Corporation alternatively argues that the trial court erred in awarding DEQ its attorney fees because DEQ's original petition was insufficiently detailed to justify any award. It is true that the initial petition for an award of attorney fees did not include a detailed itemization of services. But the amended petition did. The trial court has broad discretion in allowing the filing of an amended petition. *Benj. Franklin Fed. Savings and Loan v. Phillips*, 88 Or App 354, 357, 745 P2d 437 (1987). We find no abuse of discretion in permitting the amendment in this case. Any lack of detail in the initial petition, therefore, is of no moment. The trial court did not err in awarding DEQ attorney fees.

■ ■    Baney Corporation contends that, even if it was appropriate to award DEQ attorney fees in this case, the trial court erred in awarding $9,666.04, because nothing in the record supports an award in that amount. We review the amount of an award of attorney fees for an abuse of discretion. *See, e.g., Pollock v. United Growth Fund*, 41 Or App 735, 742, 598 P2d 1285 (1979). In this case, it is readily apparent that the trial court awarded what DEQ requested in its original, rather than its amended, petition for attorney fees, which amount DEQ conceded at trial was in error. Accordingly, we remand for reconsideration of the amount of the attorney fee award.

■    Finally, Baney assigns error to the trial court's refusal to award him attorney fees against DEQ under ORS 182.290, which authorizes "petitioners" challenging the authority of a state agency to act to obtain attorney fees "if

the court finds that the state agency acted without a reasonable basis in fact or in law." Assuming that the statute applies to Baney, who was not a "petitioner" in this proceeding, he has failed to identify why it was unreasonable for DEQ to have named him as a defendant when it understood—albeit incorrectly—him to have been the sole shareholder of Baney Corporation. We find no error.

Reversed and remanded for reconsideration of attorney fees; otherwise affirmed.