Argued and submitted September 3, 1998, affirmed on appeal and cross-appeal
July 21, 1999

STATE OF OREGON,
by and through its
DEPARTMENT OF TRANSPORTATION,
*Appellant - Cross-Respondent,*

*v.*

Ron D. HANSON
and Joni Hanson,
aka Joni Kalina Hanson,
husband and wife,
*Respondents - Cross-Appellants.*

(93CV0082MS; CA A95118 (Control))

Ron D. HANSON
and Joni Hanson,
*Respondents - Cross-Appellants,*

*v.*

STATE OF OREGON,
by and through its
DEPARTMENT OF TRANSPORTATION,
*Appellant - Cross-Respondent.*

(95CV0002MS; CA A95119)
(Cases Consolidated)

987 P2d 538

Mary H. Williams, Assistant Attorney General, argued the cause for the appellant - cross-respondent. With her on the briefs were Hardy Myers, Attorney General, and Virginia L. Linder, Solicitor General.

John D. Sorlie argued the cause for respondents - cross-appellants. With him on the briefs was Bryant, Lovlien & Jarvis.

Charles F. Adams, Michael C. Robinson, and Stoel Rives LLP, filed a brief *amicus curiae* for Act III Theatres, Inc.

Before De Muniz, Presiding Judge, and Landau and Wollheim, Judges.

LANDAU, J.

## LANDAU, J.

In a warranty deed granting the state an interest in real property, plaintiffs' predecessors expressly reserved an easement of access to a state highway. The state later denied plaintiffs the access that the deed expressly reserved. Plaintiffs demanded payment for the taking of their easement. The trial court held that the state must pay, and a jury awarded plaintiffs compensation for the taking. The trial court entered judgment for the award plus attorney fees. The state appeals, contending that it is not obligated to pay for the denial of access to a state highway. Plaintiffs cross-appeal, contending that the trial court's award of attorney fees was unreasonably low. We affirm on both the appeal and the cross-appeal.

Agnes and O.W. Grubb owned property located adjacent to Highway 20 in Bend. In 1951, the state purchased from them a strip of land 200 feet wide, running parallel to the highway. The deed contained the following reservation:

> "EXCEPT, there is reserved the right of access from said abutting land to said highway of a width not to exceed 25 feet on the East and West sides thereof opposite Highway Engineer's Station 130+60; said access to be for ordinary travel to and from the abutting land only and shall not be used in connection with any commercial institution. * * *

> "* * * * *

> "It is expressly intended that these covenants, burdens and restrictions shall run with the land and shall forever bind the grantors, their heirs and assigns."

For the next 39 years, the Grubbs used the easement at the location specified in the deed as their access to Highway 20.

In 1990, plaintiffs purchased the property. As did the Grubbs, plaintiffs used the deeded easement as their access to Highway 20. In 1992, the state condemned a portion of plaintiffs' property as part of a highway widening project. Meanwhile, plaintiffs applied for a permit to construct an access road from their property to Highway 20 at the location specified in the 1951 deed. The state denied the application, citing public safety concerns. In the condemnation action,

plaintiffs alleged two counterclaims, for breach of contract, based on the denial of access to Highway 20, and for inverse condemnation based on the decrease in value to the remaining property after denial of the access. Plaintiffs also initiated a separate action for judicial review of the denial of their application for a permit to construct the access road. That action was consolidated with the condemnation action.

The parties agreed to the entry of a stipulated judgment as to the state's condemnation claim. Meanwhile, the state moved for summary judgment in the companion action and on the remaining counterclaims. The trial court granted the state's motion. Plaintiffs repleaded, alleging claims for breach of contract and inverse condemnation and requesting an award of attorney fees pursuant to ORS 20.085. The state again moved for summary judgment, on the grounds that plaintiffs had alternate access to the highway and that, in any event, it was not obligated to pay for denial of access to a public highway. The trial court denied that motion, and the matter proceeded to trial.

At trial, the state moved for a directed verdict, arguing again that, as a matter of law, it is not obligated to pay for a denial of access to a state highway. The trial court denied that motion as well. The state then offered proposed jury instructions, which, in essence, explained that the state possesses the authority to deny access to a public highway without having to pay compensation, as long as the property owner has other means of access. The trial court declined to deliver the requested instructions. The jury returned a verdict in the amount of $70,000. Plaintiffs moved for an award of attorney fees in the amount of $33,000. The trial court awarded $9,206.25 in attorney fees, plus $3,575 in costs.

■     On appeal, the state first assigns error to the denial of its motion for summary judgment. The denial of a summary judgment motion, however, is not reviewable unless it presents purely an issue of law that does not rely on adjudicative facts for its disposition. *Payless Drug Stores Northwest v. Brown,* 300 Or 243, 780 P2d 1143 (1985); *Seidel v. Time Ins. Co.,* 157 Or App 556, 560, 970 P2d 255 (1998). This is not such a case; we therefore decline to review the state's first assignment of error.

■     The state next assigns error to the trial court's denial of the motion for a directed verdict. We will not reverse the trial court's ruling unless the state was entitled to judgment as a matter of law. *Conner v. Lucas*, 141 Or App 531, 538, 920 P2d 171 (1996). In this case, the state contends that it was, indeed, entitled to judgment as a matter of law because, assuming all factual inferences in favor of plaintiffs, the law does not require the state to compensate property owners for a loss of access to a public highway, particularly when other means of access remain available. Plaintiffs contend that the state's position relies on a mischaracterization of the nature of their claim. They do not claim that they merely lost access to a public highway; they claim that they lost access at a specific location reserved by them by deed in 1951. According to plaintiffs, it is irrelevant that they may have other access to the highway, because they owned a right to a particular route of access, which has been taken without compensation in violation of the state and federal constitutions. We agree with plaintiffs.

■     Article I, section 18, of the Oregon Constitution, provides: "Private property shall not be taken for public use * * * without just compensation * * *." The Fifth Amendment to the United States Constitution similarly provides: "Private property [shall not] be taken for public use, without just compensation." In this case, plaintiffs' predecessors in interest conveyed land to the state, subject to the reservation of an easement of access to Highway 20 at a location specifically described in the deed. Although nonpossessory, an easement is an interest in land. *Bunnell v. Bernau*, 125 Or App 440, 442, 865 P2d 473 (1993). When it is taken by government action, compensation must be paid. *Thornburg v. Port of Portland*, 233 Or 178, 185, 376 P2d 100 (1963). A "taking" may occur either by outright condemnation or by governmental regulation of use that has the effect of rendering an owner's property valueless. *See, e.g., Boise Cascade Corp. v. Board of Forestry (S42159)*, 325 Or 185, 935 P2d 411 (1997); *Cope v. City of Cannon Beach*, 317 Or 339, 855 P2d 1083 (1993). In this case, there is no dispute that the effect of the state's denial of plaintiffs' application for a permit to use their easement effectively renders the easement valueless. It necessarily follows that the state has taken the easement, a

property right, and that the state and federal constitutions require that the state must pay compensation in consequence.

■■■■ The state insists that, under *Oregon Investment Co. v. Schrunk*, 242 Or 63, 408 P2d 89 (1965), it is entitled to restrict access to a public highway without compensation in the interests of public safety. The statement is true as far as it goes. At common law, any property owner has a right of access to public thoroughfares. *State Highway Com. v. Burk et al.*, 200 Or 211, 228, 265 P2d 783 (1954). But the right of access is specific to no particular location and, thus, is subject to regulation by the state without compensation as long as some reasonable access remains available. Thus, the court was careful to hold in *Oregon Investment Co.* that the state was authorized to deny access to a property at one location "if adequate means of access remain to the owner at the other street or streets." *Oregon Investment Co.*, 242 Or 73. That makes sense, because the common-law right entitles the owner only to access generally, not access at a particular location. As a result, when the state regulates access merely at a particular location, there has been no taking of the common-law right, because access remains available.

But that is not what happened in this case. Plaintiffs reserved not a general common-law right of access, but an easement of access to a specific highway at a specific location. When the state denied them access at that location, there was a taking of precisely—and entirely—what had been reserved in the deed.

That distinction has been recognized in decisions from other jurisdictions. For example, in *Williams v. North Carolina State Highway Com'n*, 252 NC 772, 114 SE2d 782 (1960), the state highway commission purchased a right-of-way, subject to an expressly reserved easement of access to a public highway at a specific location. When the state thereafter refused to permit the property owners to make use of that access, the owners claimed damages for a taking of property without compensation. The court concluded that the right of access at the specific location was a property right, subject to the takings provisions of the state and federal constitutions:

"This right of access was an easement, a property right, and as such was subject to condemnation. Defendant's refusal to allow plaintiffs to enter upon the highway at the point of the easement constituted a taking or appropriation of private property."

*Id.* at 775, 114 SE2d at 786.

To the same effect is *State ex rel. Herman v. Schaffer*, 110 Ariz 91, 515 P2d 593 (1973), in which the state, after condemning certain property, agreed to provide crossovers for access to both northbound and southbound lanes of a public highway. When the state failed to provide the promised crossovers, the property owners claimed damages for a taking of property. The state contended that it was not obligated to compensate property owners for loss of access to public highways. The court acknowledged the rule that compensation is not owed when a person who has a common-law right of access loses only some of that access. *Id.* at 94, 515 P2d at 596. The court then explained that the rule does not apply when the right of access is not the general right of access implied at common law:

"By the agreement the landowners were entitled to direct access to the highway in both northbound and southbound lanes. This direct access was a matter controlled by contract, and it was a matter quite distinct from limiting access under the police power."

*Id. See also Dept. of Transp. v. Consol. Equities Corp.*, 181 Ga App 672, 353 SE2d 603 (1987) (deed conveying property to state that also required state to maintain traffic light at specific location entitled property owner to just compensation when state changed the location of the light).

We recognize the same distinction in this case and, on that ground, conclude that the trial court correctly determined that the state's authority to regulate common-law access to public highways without compensation does not apply to plaintiffs' reservation of an easement of access at a specific location. Accordingly, the court did not err in denying the state's motion for a directed verdict.

The state next assigns error to the failure of the trial court to deliver instructions to the jury explaining that the

state is not obligated to compensate a property owner for loss of highway access at a particular location as long as some reasonable access remains available. In light of our disposition of the previous assignment of error, it is clear that the trial court did not err in declining to deliver the state's requested instructions.

We turn to plaintiffs' cross-appeal. According to plaintiffs, the trial court erred in awarding them approximately one-third of the amount that they requested. The state contends that the trial court's decision was reasonable in light of the extent to which plaintiffs expended time and effort on theories that ultimately proved unsuccessful.

■ We review the amount of the trial court's award for an abuse of discretion. *State High. Com. et al v. Kendrick et al*, 227 Or 608, 610-11, 363 P2d 1078 (1961); *DEQ v. Baney Corp.*, 153 Or App 289, 294, 956 P2d 1060 (1998), *rev den* 327 Or 432. Plaintiffs offer no basis for concluding that the trial court abused its discretion in awarding over $12,000 in attorney fees and costs.

Affirmed on appeal and on cross-appeal.