Argued and submitted February 9, award of attorney fees vacated and remanded
September 15, 1999

# Andre ASHLEY,
*Appellant,*

*v.*

# Robert GARRISON,
*Respondent.*

# (97C908032; CA A102181)

986 P2d 654

Willard E. Merkel argued the cause for appellant. With him on the briefs was Popick & Merkel.

R. Daniel Lindahl argued the cause for respondent. With him on the brief were John R. Bachofner and Bullivant Houser Bailey.

Before Landau, Presiding Judge, and Deits, Chief Judge, and Wollheim, Judge.

WOLLHEIM, J.

## WOLLHEIM, J.

Plaintiff appeals from a judgment awarding him $1,650 in attorney fees after petitioning for fees of $4,665 as the prevailing party in court-mandated arbitration. His sole assignment of error is that the trial court failed to award him the attorney fees prayed for pursuant to ORCP 68 C(4)(a) and ORS 20.080. We vacate the award of attorney fees and remand for adequate findings and conclusions consistent with *McCarthy v. Oregon Freeze Dry, Inc.,* 327 Or 84, 957 P2d 1200, *on recons* 327 Or 185, 957 P2d 1200 (1998).

In 1996, plaintiff was injured in an automobile accident with defendant. Before filing an action for damages in September 1997, plaintiff sent defendant a written demand offering to settle his claim for $4,000. ORS 20.080.[1] Defendant ultimately declined to settle for the requested amount, and plaintiff proceeded with his action, which was directed to mandatory court-annexed arbitration under ORS 36.400.[2] Plaintiff prevailed at arbitration and filed a statement of attorney fees and an affidavit with the arbitrator requesting fees of $4,665. Defendant filed written objections to the fees statement, and plaintiff submitted a written reply. The arbitrator subsequently filed his decision with the circuit court, awarding plaintiff $2,313 in damages and $2,225 in attorney fees. Plaintiff, however, was dissatisfied with the amount of attorney fees awarded and filed an exception to the fees award with the circuit court pursuant to ORS 36.425(6). The

---

[1] ORS 20.080 reads, in part:

"In any action for damages for an injury or wrong to the person or property, or both, of another where the amount pleaded is $4,000 or less, and the plaintiff prevails in the action, there shall be taxed and allowed to the plaintiff, at trial and on appeal, a reasonable amount to be fixed by the court as attorney fees for the prosecution of the action, if the court finds that written demand for the payment of such claim was made on the defendant not less than 10 days before the commencement of the action or the filing of a formal complaint under ORS 46.465, or not more than 10 days after the transfer of the action under ORS 46.461."

[2] ORS 36.400 creates mandatory arbitration programs in all the circuit courts. Civil actions commenced in circuit court must be referred to arbitration if they meet the requirements listed in ORS 36.405 and involve less than the monetary limit that each court must establish under ORS 36.400(3).

exception was composed of the same fee statement, the objections, and the responses that the parties had previously tendered to the arbitrator. The next day the trial court issued its decision in a one page letter:

"I have reviewed the plaintiff's exceptions to the arbitrator's denial of attorney fees. After sifting through a lot of verbiage, I find that plaintiff is entitled to attorney fees of $1650.00. [Plaintiff's counsel's] hourly rate is reasonable; [plaintiff's co-counsel's] is too high. Certain charges are in excess of what time is actually required. Defendant failed to offer sufficient funds to manage the risk of plaintiff's attorney fees being awarded under ORS 20.080. Defendant seeks to amend that statute by adding new terms; the court declines to do so. Both attorneys could cut down on the amount of work by eliminating the vitriolic and political rhetoric and sticking to the facts and law."

The trial court then entered an amended money judgment awarding plaintiff $2,313 in damages, $273.20 in costs, and $1,650 in attorney fees. This appeal on the issue of attorney fees followed.

As a threshold matter, plaintiff argues that the trial court failed to conduct a hearing on his fee award exception— a hearing, he contends, that is described and mandated by ORCP 68 C, which provides, in part:

"(4)(b) * * * A party may object to a statement seeking attorney fees or costs and disbursements or any part thereof by written objections to the statement. The objections shall be served within 14 days after service on the objecting party of a copy of the statement. The objections shall be specific and may be founded in law or in fact and shall be deemed controverted without further pleading. Statements and objections may be amended in accordance with Rule 23.

"* * * * *

"(4)(c)(i) If objections are filed in accordance with paragraph C(4)(b) of this rule, the court, without a jury, shall hear and determine all issues of law and fact raised by the statement of attorney fees or costs and disbursements and by the objections. The parties shall be given a reasonable

opportunity to present evidence and affidavits relevant to any factual issue."

Defendant argues that the trial court did not err in deciding the exceptions to the arbitrator's award of attorney fees without reference to ORCP 68 because that rule does not apply to this special proceeding. Defendant argues that ORS 36.425(6) controls. ORS 36.425(6) provides:

"Within seven days after the filing of a decision and award under subsection (1) of this section, a party may file with the court and serve on the other parties to the arbitration written exceptions directed solely to the award or denial of attorney fees or costs. Exceptions under this subsection may be directed to the legal grounds for an award or denial of attorney fees or costs, or to the amount of the award. Any party opposing the exceptions must file a written response with the court and serve a copy of the response on the party filing the exceptions. Filing and service of the response must be made within seven days after the service of the exceptions on the responding party. A judge of the court shall decide the issue and enter a decision on the award of attorney fees and costs. If the judge fails to enter a decision on the award within 20 days after the filing of the exceptions, the award of attorney fees and costs shall be considered affirmed. The filing of exceptions under this subsection does not constitute an appeal under subsection (2) of this section and does not affect the finality of the award in any way other than as specifically provided in this subsection."

For the reasons that follow, we agree with defendant.

The text of a statute is the starting point for its interpretation and presents the best evidence of the legislature's intent. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610, 859 P2d 1143 (1993). By their respective texts, the rule and statute at issue here unambiguously denote different processes designed to accomplish different purposes. By their plain language, ORCP 68 C(4)(b) and 68 C(4)(c)(i) describe a process that operates *before* a decision on the award of attorney fees. Only after that process is complete are attorney fees awarded. Any decision under ORCP 68 C is predicated on objections "filed in accordance with paragraph C(4)(b) of this rule." ORCP 68 C(4)(c)(i). In other words, objections must be

filed to an opposing party's fee statement *before* an ORCP 68 C attorney fee hearing can be held.

In contrast, ORS 36.425(6) shifts the focus to differences that arise between a party and the arbitrator *as a result* of the arbitrator's award of attorney fees. ORS 36.425(6) provides for a review of the arbitrator's award of attorney fees. That process is predicated on written exceptions "directed solely to the award or denial of attorney fees," or in other words, the arbitrator's final fee decision.

In this case, it is undisputed that plaintiff filed his exceptions pursuant to ORS 36.425(6). Now, however, plaintiff argues that "ORCP 68 C(4)(c) specifically states that a hearing *shall* be conducted when an appeal is made for attorney fees from an arbitrator's award." (Emphasis in original.) In doing so he erroneously attempts to weld the statute and rule together. Here, plaintiff was neither seeking an award of attorney fees under ORCP 68 C nor objecting to a request for attorney fees by the opposing party. Instead, plaintiff was seeking review of the arbitrator's final decision on attorney fees by filing exceptions with the circuit court under ORS 36.425(6).

The question here is whether an exception to an arbitrator's award of attorney fees is a "statement seeking [an award of] attorney fees" under ORCP 68 C. By its terms, ORCP 68 C applies only to cases where one of the parties files a detailed "statement" requesting that the trial court award attorney fees. ORCP 68 C(4)(a). An opposing party then has 14 days to file an objection to the request for attorney fees. ORCP 68 C(4)(b). If objections are filed, then the court shall decide the issue. ORCP 68 C(4)(c). If no timely objections are filed, then the court may award the attorney fees sought in the statement. ORCP 68 C(4)(d). Simply put, plaintiff did not file a "statement" seeking an award of attorney fees. Instead plaintiff filed "exceptions" to the arbitrator's award of attorney fees in an amount less than plaintiff requested. Nor did defendant file an "objection" to plaintiff's exception. ORCP 68, by its terms, does not apply in this situation.

■ While the Oregon Rules of Civil Procedure are designed to govern procedure and practice in all circuit courts for all civil actions and special proceedings, ORCP 1 A, we

have held that all the rules do not apply in all proceedings. For example, in *Saunders and Saunders*, 158 Or App 601, 975 P2d 927 (1999), we held that ORCP 54 E did not apply to a proceeding to dissolve a marriage. There the husband sought an award of attorney fees because he made an offer of compromise before trial and the wife failed to obtain a better result than the offer of compromise. "By its terms, ORCP 54 E applies only in cases in which one party asserts a 'claim' against another." *Id.* at 604. We interpreted the term "claim" to refer to the assertion of a right to some form of relief against another person. By contrast, a petition to dissolve a marriage need not assert a claim against another party. *Id.* at 605. Often there are no "winners" in a dissolution proceeding. Based on the words of ORCP 54 E and the statutes governing the dissolution of a marriage, we concluded that ORCP 54 E did not apply to dissolution proceedings.

That same reasoning is persuasive here. Filing exceptions to an arbitrator's award of attorney fees is not the same as filing a statement with the trial court requesting an award of attorney fees. ORCP 68 C applies where a party files a statement requesting that the trial court make an award of attorney fees. If the opposing party objects to either the award of any attorney fees or the amount of attorney fees requested, then the opposing party must file an objection to the statement requesting an award of attorney fees. Only after a timely objection has been made does the trial court conduct a hearing on the objections. We conclude that ORCP 68 does not apply to an exception to the arbitrator's award of attorney fees filed pursuant to ORS 36.425(6). Plaintiff is not entitled to an ORCP 68 C hearing.

Plaintiff next argues that the amount of attorney fees requested was reasonable and should be awarded. Plaintiff's entitlement to attorney fees is based on ORS 20.080. That statute requires the trial court to award a reasonable amount as attorney fees if certain requirements are met. There is no dispute that plaintiff met the statutory requirement to be entitled to an award of attorney fees. The issue is how much. We review the amount of attorney fees awarded for an abuse of discretion. *DEQ v. Baney Corp.*, 153 Or App 289, 294, 956 P2d 1060, *rev den* 327 Or 432 (1998). In *Newbern v. Gas-Ice Corporation*, 263 Or 250, 501 P2d 1294 (1972), the Oregon

Supreme Court identified factors to be considered in assessing attorney fees in cases such as this.[3] The factors include the time an attorney devotes to a case, the ultimate disposition, the complexity of the issues, the value of interests involved, and the professional reputation of the parties' respective attorneys. *Id*. at 257-58.

In *McCarthy*, the Supreme Court reviewed an award of attorney fees under ORS 20.075. Under that statute the court had discretion to award attorney fees and then had to consider various statutory factors in determining the amount of attorney fees to be awarded. The Supreme Court held that it could not review the appellate record for abuse of discretion because it could "only speculate about the possible relevant facts and legal criteria relied on for the court's award of attorney fees." *Id*. at 190.

██ We have yet to apply the *McCarthy* analysis to ORS 20.080. Under that statute, the award of attorney fees is mandatory, not discretionary. It follows that a trial court need not make findings regarding the decision to award attorney fees. The same cannot be said regarding the amount of attorney fees awarded because, to enable a meaningful review of an attorney fee award amount under ORS 20.080, the trial court must describe the relevant facts and legal criteria it relied on in determining the amount of the attorney fee award. The findings, however, need not be complex or lengthy and may be made in any terms clear enough to permit meaningful review. *Wright v. Jones,* 155 Or App 249, 253, 964 P2d 1048 (1998).

█ We are unable to review the trial court's application of those factors here, however, because the relevant facts and legal criteria supporting the trial court's attorney fee award were not described with sufficient clarity to allow meaningful appellate review. *McCarthy,* 327 Or at 190-91. In particular, the trial court reduced fees both because the hourly rate for

---

[3] Under ORS 20.080, when a plaintiff prevails in an action, entitlement to attorney fees is mandatory, unlike entitlement to attorney fees under ORS 20.075, which is at the discretion of the court. The sole question before us now is not whether to award fees but, rather, how much those fees should be. For that reason, we apply the *Newbern* factors here rather than those listed in ORS 20.075.

one of plaintiff's attorneys was too high and because plaintiff's attorneys devoted more time to the case than was reasonably required. However, the court did not distinguish between those grounds for reduction. Thus, because of its undifferentiated conflation of the "hourly rate" and "excessive time" considerations, we cannot tell what the trial court believed was a reasonable hourly rate for plaintiff's co-counsel or what was a reasonable time to spend on this case. Because the court's lumping together of those grounds precludes meaningful review of the fee reduction, we remand to the trial court for findings and conclusions consistent with *McCarthy*.[4]

Award of attorney fees vacated and remanded.

---

[4] We note that *McCarthy* was decided after the trial court issued its decision in this case.