Argued and submitted February 14, reversed and remanded for further findings concerning denial of motion for award of attorney fees; otherwise affirmed March 14, 2001

## In the Matter of the Marriage of

### Jeanine Marie BAKER,
*Appellant,*
*and*

### David Herbert BAKER,
*Respondent.*

(15-96-09672; CA A108597)

20 P3d 263

Gary Zimmer argued the cause for appellant. On the briefs were Peter Bunch, Cecil A. Reniche-Smith and Zimmer & Bunch, LLC.

Charles S. Spinner argued the cause for respondent. With him on the brief was Spinner & Schrank.

Before Landau, Presiding Judge, and Linder and Brewer, Judges.

LANDAU, P. J.

**LANDAU, P. J.**

Father initiated this proceeding to modify a dissolution judgment, which awarded the parties joint legal custody of their minor child. Father requested that he be awarded sole custody of the child. Mother then filed her own motion to modify father's parenting time, because she anticipated that she would be taking a job out of the state. In her motion, and in response to father's motion, mother requested an award of attorney fees. The trial court entered a judgment modifying the dissolution judgment by awarding father custody of the child. The court denied mother's request for attorney fees without explanation. Mother appeals, assigning error to the modification of custody and to the denial of her request for attorney fees. We affirm as to the custody decision without further discussion. As to the denial of the request for attorney fees, we reverse and remand for further findings.

Mother's sole argument concerning the denial of the request for attorney fees is that the trial court failed to explain its decision in accordance with *McCarthy v. Oregon Freeze Dry, Inc.*, 327 Or 84, 957 P2d 1200, *on recons* 327 Or 185, 957 P2d 1207 (1998). Father's sole argument in opposition is that the rule of *McCarthy* does not apply to dissolution judgment modification proceedings.

In *McCarthy*, the Supreme Court announced that, in cases in which an award of attorney fees is controlled by ORS 20.075, the courts must identify the "relevant facts and legal criteria" in awarding or denying an award of attorney fees. *Id.* at 96. ORS 20.075 applies to "any case in which attorney fees are authorized by statute and in which the court has discretion to decide whether to award fees."

In this case, mother sought an award of fees pursuant to ORS 107.135(7), which provides:

> "In a proceeding [to modify a dissolution judgment], the court may assess against either party a reasonable attorney fee and costs for the benefit of the other party. If a party is found to have acted in bad faith, the court shall order that party to pay a reasonable attorney fee and costs of the defending party."

By its terms, the statute grants the courts discretion to award attorney fees in a modification proceeding. ORS 20.075 applies, as does *McCarthy*. *Cf. Ashley v. Garrison*, 162 Or App 585, 592, 986 P2d 654 (1999) (*McCarthy* does not apply to ORS 20.080, under which an award of attorney fees is not discretionary).

Reversed and remanded for further findings concerning denial of motion for award of attorney fees; otherwise affirmed.