Argued and submitted July 2, affirmed July 25, 2001

In the Matter of the Marriage of

Judee A. GILLIES,
*Respondent,*
*and*

Terry K. GILLIES,
*Appellant.*

91-3350; A111873

28 P3d 1244

Kurt Carstens argued the cause for appellant. With him on the briefs was Litchfield & Carstens, LLP.

Mark F. Bierly argued the cause and filed the brief for respondent.

Before Landau, Presiding Judge, and Brewer and Schuman, Judges.

LANDAU, P. J.

## LANDAU, P. J.

Husband moved to modify a dissolution judgment requiring him to pay wife spousal support and to maintain wife as a beneficiary of a life insurance policy. The trial court denied the motion and awarded wife her attorney fees. Husband appeals, assigning error to the denial of the modification motion and to the award of attorney fees. We affirm, writing to address only the award of attorney fees.

In his modification motion, husband requested an award of attorney fees, pursuant to ORS 107.135(7). In answering the motion, wife likewise asked for an award of her attorney fees. In their trial memoranda, each party requested attorney fees. Neither elaborated on the request. Both simply argued that, in the event that they prevailed on the merits, they were entitled to fees under the statute. Neither objected to the other's request, except to the extent that it not be granted if the other did not prevail on the modification motion. Husband did cite *McCarthy v. Oregon Freeze Dry, Inc.*, 327 Or 84, 957 P2d 1200, *on recons* 327 Or 185, 957 P2d 1200 (1998), but followed the citation with the assertion that the decision required the trial court to "consider submissions for attorney fees and then determine what amounts, if any, should be awarded."

■ After denying husband's motion, the trial court entered an award of attorney fees in favor of wife. The court provided no explanation for its award other than the fact that wife prevailed against the modification motion.

On appeal, husband now argues that the award of attorney fees is deficient, because the court failed to comply with *McCarthy* in that it did "not identify on the record the relevant facts and/or legal criteria that support its decision to deny attorney fees to Husband and award attorney fees to Wife."

In *McCarthy*, the Supreme Court held that, in cases in which an award of attorney fees is authorized by statute and in which the court has discretion to award fees, the court exercising that discretion generally must identify the "facts and legal criteria that the circumstances of the particular

case require the court to address in making its decision to award or deny attorney fees." 327 Or at 188. The court cautioned, however, that the absence of such findings does not necessarily require reversal. In particular, the court noted, if a party fails to tender specific objections to an award of fees, that party cannot later complain about the lack of findings as to the basis for the award:

> "As a consequence of the court's role in resolving the parties' disputed claims regarding attorney fees, the objections of a party who resists a petition for attorney fees play an important role in framing any issues that are relevant to the court's decision to award or deny attorney fees. No party will be heard to complain of the absence of a finding by the court on an issue that the party did not raise in a petition, objection, or reply * * *."

*Id.* at 189.

Requests for attorney fees under ORS 107.135(7) are subject to the requirements of *McCarthy*. *Baker and Baker*, 173 Or App 33, 36, 20 P3d 263 (2001). In this case, husband cited *McCarthy* to the trial court, but his only objection to the award of attorney fees to wife was that she was not entitled to them because, in his view, she was not entitled to prevail on the merits of the modification motion. Wife did prevail on the modification motion and, accordingly, was awarded fees. Husband will not now be heard to complain about a lack of more specific findings concerning the facts and legal criteria supporting the court's decision to award wife attorney fees.

Affirmed.