Argued and submitted July 19, 2011, affirmed October 24, 2012

Kristi IVERS,
Conservator of E. L. S., a Minor Child,
*Petitioner-Appellant,*

*v.*

John SALLADAY
and Deborah Salladay,
*Respondents-Respondents.*

Deschutes County Circuit Court
07CV0441ST; A145084

289 P3d 334

Edward L. Daniels argued the cause for appellant. With him on the brief were Andrew D. Ivers and Law Office of Daniels & Ivers.

Paul D. Handy argued the cause and filed the brief for respondents.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Nakamoto, Judge.

NAKAMOTO, J.

## NAKAMOTO, J.

Respondent John Salladay was the custodian of his minor daughter's ownership interest in a house, in accordance with the Uniform Transfer to Minors Act (UTMA), ORS 126.805 to 126.886. After respondent sold the house, petitioner Ivers (who is respondent's ex-wife and the minor's mother and conservator) sought respondent's removal as custodian, restitution, and an accounting. Respondent prevailed in the action,[1] and the trial court entered a judgment that provided for respondent to seek the court's approval of his reimbursement for expenses incurred as the UTMA custodian in connection with the suit. Respondent sought approval four months later. Over petitioner's objection that ORCP 68 applied and that respondent had acted too late given the rule's deadline for seeking an award of attorney fees, the trial court entered a supplemental judgment allowing respondent custodial expenses consisting of attorney fees. We affirm the trial court's decision that ORCP 68 is inapplicable to the recovery of custodial expenses under the UTMA, even if those expenses include reimbursement of attorney fees.

The facts are primarily procedural and are undisputed on appeal. Petitioner and respondent divorced in 1996 and have one child, their minor daughter. Petitioner's mother devised her house in Redmond, Oregon, to respondent and to the minor. In 2004, after petitioner's mother had died and her will was probated, respondent received an undivided one-half interest in the house and respondent, as custodian in accordance with the will, received the minor's undivided one-half interest in trust until she turned 25 years of age.

Respondent made various improvements to the house and its landscaping. In 2007, he sold the house for approximately $239,000, a significant increase in the house's value as indicated by the inventory of petitioner's mother's estate. Respondent deposited the minor's share of the net proceeds from the sale in a separate account for her at a financial institution.

---

[1] Petitioner joined respondent's wife as a party, and she also prevailed in the litigation, but because respondent is the UTMA custodian, we simply refer only to respondent throughout this opinion.

In July 2007, however, petitioner, as conservator for the minor, filed this action for an accounting, restitution, and respondent's removal as the UTMA custodian. Respondent filed two counterclaims. He alleged a right to recover his expenses and attorney fees in connection with the litigation from the UTMA custodial estate as custodial expenses. Respondent also alleged that petitioner had filed the action in bad faith and that the court should award him attorney fees and costs as a sanction under ORS 20.105. Respondent also prepared and submitted an accounting to the trial court.

The trial court found that respondent "did not act to the detriment of the minor's estate but rather prudently increased the value of the estate through repair and renovation of the house, sale at a substantial profit, and fair distribution and investment of the proceeds." The court approved respondent's accounting and rejected petitioner's request that respondent be removed as custodian and her other claims, as well as respondent's counterclaim for sanctions. Noting that respondent was not entitled to an award of attorney fees, the trial court entered a judgment that allowed respondent, as the UTMA custodian, to obtain reimbursement of his reasonable expenses from the custodial estate pursuant to ORS 126.852(1), "upon application to the Court."

The trial court explained its allowance of custodial expenses through its letter opinion, describing the kinds of expenses allowable:

"[Respondent], as custodian, is entitled to recover his 'reasonable expenses', pursuant to ORS 125.852, from custodial property. This would include, for instance, the expenses of preparing the accounting, even if prepared by an attorney. It could also potentially include the attorney fees and expenses incurred in defending this suit, if [respondent] makes that claim."

The court also instructed respondent that he could "submit his request for reimbursement from custodial property for reasonable expenses, pursuant to ORS 126.852(1), by affidavit." Separately, the court noted in its letter opinion that respondent could submit a cost bill under ORCP 68. In the judgment, the trial court reiterated that respondent was

entitled to recover expenses from the estate but that costs were assessed because respondent was the prevailing party.

Respondent timely sought his costs—his filing, service, and prevailing party fees—within 14 days of the judgment as required under ORCP 68. Petitioner paid the costs. Later, four months after the judgment was entered, respondent filed a "Custodian's Motion for Reimbursement of Expenses" in which he sought reimbursement from the custodial estate for legal fees that attorneys had charged him for consultations, representation in the proceedings, and preparation of the accounting. Petitioner objected to the motion for expenses, arguing both that attorney fees were not includable as custodial expenses under ORS 126.852 and that respondent's statement of attorney fees was not timely filed, within 14 days of the entry of judgment, as required by ORCP 68.

In its letter opinion concerning petitioner's objections to respondent's motion, the trial court reasoned that, under ORS 126.852(1), "reasonable expenses" can include the cost of experts and there is no reason to distinguish between fees of a CPA and the expense of legal representation. In fact, the UTMA expressly recognizes that an attorney may prepare an accounting instead of a CPA. *See* ORS 126.866(3) (a custodian's legal representative may account). Petitioner has not challenged on appeal the court's ruling that allowed respondent's attorney fees as custodial expenses under the UTMA.

The trial court also explained that ORCP 68 is applicable to fee awards, not to custodial expenses under the UTMA, and that the approval procedure the court had ordered was not required under the UTMA:

"The court is not making an award of attorney fees to the custodian, against petitioner, as a prevailing party. In fact a custodian might still be entitled to reimbursement of attorney fees for defending a suit and *losing*, if the fees are 'reasonable expenses.' Assuming, however, that ORCP 68 and UTCR 5.080 would apply generally to fees incurred as expenses by a fiduciary, ORCP 68 is not applicable in this instance.

"ORS 126.852(1) allows a custodian 'reimbursement from custodial property for reasonable expenses.' There is no requirement for prior or even subsequent court approval. Typically, there is no case and no court involvement at all. No court action is required to create the custodial relationship and there is no court monitoring or oversight. The only mechanism for ensuring that a custodian performs his fiduciary duty properly, including reimbursing himself, is the right to petition the court for an accounting of transactions which have already occurred.

"In this case, the procedure used provided greater protection than is normally the case but it was not required by rule or statute."

(Emphasis in original.) The trial court then entered an order denying petitioner's objection because "ORCP 68 is not applicable in this instance." Consistently with that understanding, the trial court allowed only custodial expenses, not an award of attorney fees to a prevailing party.

On appeal, petitioner contends that the trial court erred because respondent's motion was untimely. In petitioner's view, the custodial expenses approved included attorney fees and so constituted an award of attorney fees controlled by the pleading and proof requirements in ORCP 68 C(1). Accordingly, we decide the legal issue of whether ORCP 68 applies to a custodian's request for reimbursement of expenses, including attorney fees and the cost of accounting, under the UTMA. The correlative standard of review is for errors of law. *See Becker v. Pieper*, 176 Or App 635, 641, 32 P3d 912 (2001) ("because granting respondents' motion resulted necessarily from a substantive legal conclusion, we review that legal conclusion for errors of law"). Based on (1) our case law establishing that ORCP 68 does not apply when there is no substantive right to fees and (2) the purpose and provisions of the UTMA, we conclude that ORCP 68 does not apply.

First, petitioner incorrectly assumes that the UTMA custodial expenses in this case are an "award of attorney fees" for purposes of ORCP 68. Petitioner focuses most of her attention on the broad language in ORCP 68 C(1), which requires application of Rule 68 "[n]otwithstanding Rule 1 A and the procedure provided in any rule or statute permitting

recovery of attorney fees in a particular case," and which "governs the pleading, proof and *award of attorney fees* in all cases," except when "[s]uch items are claimed as damages arising prior to the action[,]" or "[s]uch items are granted by order, rather than entered as part of a judgment." (Emphasis added.) But that focus overlooks that not all attorney fees are awards of attorney fees that are covered under ORCP 68.

Although ORCP 68 C(1) states that it is designed to govern the award of attorney fees in "all" civil cases, we have held that not all attorney fee cases fall under the ambit of ORCP 68 C. For example, in *Ashley v. Garrison*, 162 Or App 585, 986 P2d 654 (1999), we held that ORCP 68 C did not apply to a party seeking judicial review of an arbitrator's attorney fee award. In that case, the plaintiff was dissatisfied with the amount of attorney fees the arbitrator awarded to him and filed an exception to the fees with the circuit court pursuant to ORS 36.425(6), which allows challenges to an arbitrator's award or denial of attorney fees. 162 Or App at 587. The trial court reviewed the plaintiff's exceptions and issued a letter opinion reducing the plaintiff's attorney fee award. On appeal, the plaintiff argued that the trial court had failed to conduct a hearing as required by ORCP 68 C. We analyzed ORCP 68 C to describe a process that operates *before* a decision on the award of attorney fees is made. By contrast, ORS 36.425(6) describes a process that operates *after* an arbitrator has decided the issue of attorney fees. *Id.* at 590. Although the rule and the statute both concern attorney fees, we recognized that they "denote different processes designed to accomplish different purposes." *Id.* at 589. Thus, we concluded that ORCP 68 does not apply to an exception to the arbitrator's award of attorney fees filed pursuant to ORS 36.425(6). *Id.* at 591.

In other cases, we have recognized that attorney fees sought as economic damages do not fall under ORCP 68. In *Rivera-Martinez v. Vu*, 245 Or App 422, 263 P3d 1078, *rev den*, 351 Or 318 (2011), the plaintiff filed a malpractice claim against his former lawyer, alleging, among other things, that he was entitled to the attorney fees he would have collected had the lawyer-defendant handled the case without negligence. The trial court denied the plaintiff the attorney fees, and he appealed, arguing that those fees

should have been determined by employing the post-trial procedure provided by ORCP 68 C. *Id.* at 427. We affirmed the trial court's ruling, concluding that, because the attorney fees were alleged as damages in his malpractice claim, the plaintiff was required to prove those damages in his case-in-chief, rather than in a post-trial hearing under ORCP 68 C. *Id.* at 428. *See also Portland Trailer & Equipment v. A-1 Freeman Moving,* 166 Or App 651, 654, 5 P3d 604, *adh'd to as modified on recons,* 168 Or App 654, 4 P3d 741 (2000) (in a case primarily concerning personal jurisdiction, we recognized that the plaintiffs could seek attorney fees as economic damages, to recover their expenses for defending a proceeding in Oklahoma).

And, in a recent case, *Baker and Andrews,* 232 Or App 646, 223 P3d 417 (2009), where the trial court awarded the defendant the amount of his attorney fees to defend the action, we distinguished between attorney fee awards covered by ORCP 68 and attorney fees that are not, based on whether the party had a "substantive right" to an award of fees in the action. In *Baker,* the trial court entered a judgment rejecting all of the plaintiff's claims and then allowed the defendant to "proceed pursuant to ORCP 68" with regard to his request for his attorney fees under ORCP 17, which permits sanctions against a party that makes false certifications to the court through a filed pleading or other document. 232 Or App at 653. After the plaintiff filed her notice of appeal, the court entered a supplemental judgment ordering the plaintiff and her counsel to pay the defendant's attorney fees, which the plaintiff also appealed. *Id.*

On appeal, we concluded that, despite the defendant's receipt of an award consisting primarily of his attorney fees for defending the action, that award constituted punitive sanctions under ORCP 17, not "compensatory attorney fees under ORCP 68 C[(2)(a)]." *Id.* at 657. Thus, regardless of the trial court's directive to proceed pursuant to ORCP 68, we held that the attorney fee procedure under ORCP 68 did not apply. In particular, we held that ORCP 68 C(5)(b) (a fee award "shall be made by supplemental judgment" if "not decided before entry of a general judgment") did not provide the trial court with authority to enter the supplemental judgment. *Id.* at 657.

Our holding was premised on that fact that the defendant "had not earlier alleged a right to attorney fees in a pleading under ORCP 68 C(2), a necessary predicate to the allowance and taxation of attorney fees under ORCP 68 C," *id.* at 656-57, and, "in short, did not seek attorney fees in the case as a matter of the '*substantive right to recover such fees.*'" *Id.* at 657 (quoting ORCP 68 C(2)(a)) (emphasis added). Even though ORCP 17 and ORCP 68 lack any stated exceptions to the application of ORCP 68 when a court considers an award of attorney fees as a sanction, ORCP 68 did not apply in *Baker* because the defendant did not have a "substantive right to recover" an attorney fee award.

Like the defendant in *Baker*, respondent did not, under ORCP 68 C(2)(a), "allege the facts, statute or rule that provides a basis for the award of such fees in a pleading filed by that party." And, just like the attorney fees allowed under ORCP 17 as sanctions in *Baker*, the custodial expenses allowed in the present case did not constitute an award of attorney fees recovered under ORCP 68. Respondent had no substantive right to recover attorney fees *qua* an award of attorney fees—whether under the UTMA, which has no attorney-fee provision, or any other statute, rule of law, or contract brought to our attention.

We also reject petitioner's position that ORCP 68 governed the custodial expenses allowed in this case for a second reason. Given the purpose and structure of the UTMA, ORCP 68 C does not apply to custodial expenses, even when a court reviews and approves the expenses and those expenses consist entirely of the custodian's attorney fees incurred because of litigation concerning the custodian's handling of the UTMA estate.

Oregon's UTMA is taken from a uniform law promulgated in 1983 by the National Conference of Commissioners on Uniform Laws. Uniform Transfers to Minors Act Historical Notes, 8C ULA 2 (1983). Every state has adopted the UTMA or its predecessor, the Uniform Gifts to Minors Act (UGMA). Uniform Transfers to Minors Act Prefatory Note, 8C ULA 3 (1983). The Oregon legislature adopted the UGMA in 1959, *see* Or Laws 1959, ch 640, §§ 1-18, and the UTMA in 1985, *see* Or Laws 1985, ch 665, §§ 1-28.

Pursuant to ORS 126.882, the UTMA as enacted in Oregon "shall be applied and construed to effectuate its general purpose to make uniform the law" with respect to its subject among states that have enacted it. As to that purpose, the commissioners noted that uniform treatment concerning gifts to minors is desirable because the person making the gift or transfer, the custodian, and the minor may reside in different states or change state residency after a gift is made. *See* Uniform Transfers to Minors Act, Prefatory Notes, 8C ULA 3 (uniformity is important because "the laws of more than one state may apply to a transaction or a series of transactions"). Because the UTMA is a uniform law that, to the extent possible, should be interpreted uniformly, "case law from other states provides part of the statutory context." *Edward D. Jones & Co. v. Mishler*, 161 Or App 544, 556, 983 P2d 1086 (1999). And, Oregon courts "examine the history of the uniform act and the context that led to its creation" to inform its analysis of that act. *Datt v. Hill*, 347 Or 672, 680, 227 P3d 714 (2010) (citing *Western Helicopter Services v. Rogerson Aircraft*, 311 Or 361, 364, 811 P2d 627 (1991)).

As the trial court observed, under the Oregon UTMA, a custodian "is entitled to reimbursement from custodial property for reasonable expenses incurred in the performance of the custodian's duties." ORS 126.852(1). The UTMA does not require any application to a court for approval of such reimbursements either in ORS 126.852 or elsewhere in the statutory scheme.[2] As the trial court recognized, the UTMA also does not provide for regular judicial oversight of the custodian's handling of custodial property. *See Jimenez v. Lee*, 274 Or 457, 461 n 4, 547 P2d 126 (1976) (observing the difference between the discretion of a custodian under the UGMA and the duties of a trustee

---

[2] Section 15 of the UTMA is in relevant respects identical to ORS 126.852. The comment to section 15 says almost nothing regarding custodial expenses and is silent with regard to attorney fees as custodial expenses. Uniform Transfers to Minors Act § 15 Comment, 8C ULA 59. Perhaps unsurprisingly, the parties do not cite and we have not found a reported Oregon appellate case concerning attorney fees as custodial expenses under ORS 126.852 or its predecessors, *former* ORS 126.855 (1965), *repealed by* Or Laws 1967, ch 300, § 7, and *former* ORS 126.856 (1983), *repealed by* Or Laws 1985, ch 665, § 27—or any other reported appellate decision on the issue. As noted, the trial court recognized that it was providing "greater protection" by ordering respondent to submit his custodial expenses to the court for approval.

to a beneficiary of a trust). Nor does the UTMA contain an attorney fee provision. All of that is consistent with the purpose of the UTMA, which is to provide a simple, low-cost mechanism for handling gifts or transfers of property or funds to minors, without the complexity and expense of establishing a trust or conservatorship. *See Sutliff v. Sutliff*, 515 Pa 393, 403, 528 A2d 1318, 1323 (1987) (purpose of UGMA is "to provide an inexpensive, easy mechanism for giving property to minors" and "seeks to solve the problem of administrative expense and complexity while preserving certain federal tax benefits for the donor").

Because of that purpose, along with the UTMA provisions mentioned, the Oregon legislature had no reason to insert into the UTMA any mention of ORCP 68. It is not surprising that the legislature did not address fee award procedures under the UTMA when the UTMA lacks an attorney fee provision and a custodian can manage funds and reimburse himself without court approval. Indeed, if the requirements of ORCP 68 were engrafted onto a custodial expense reimbursement under the UTMA, then those requirements would contravene at least one provision of the uniform law. The UTMA is devoid of any requirement for court approval of expense reimbursements, ORS 126.852, yet ORCP 68 concerns court approval of reasonable attorney fees allowed to a prevailing party after a judgment in that party's favor.

The requirements of ORCP 68, if applied, would also undermine the purposes of the UTMA. To hold that ORCP 68 applies to reimbursement of a custodian's attorney fees would not simplify and reduce the cost of handling transfers of funds or property to minors and reduce the involvement of courts in the oversight of the custodial estate; it would have the opposite effect. And, application of ORCP 68 to custodial expenses under the UTMA contravenes the directive in ORS 126.882 because it creates uncertainty in the application of the UTMA and does not promote uniformity of the law with respect to reimbursement of custodial expenses. Accordingly, we conclude that ORCP 68 is inapplicable, not that the legislature intended it to apply, to reimbursements of custodial expenses consisting of attorney fees under the UTMA.

In sum, there are circumstances when ORCP 68 does not apply to an amount that consists of a party's expense for attorney fees. This is one of those instances. The recovery of custodial expenses under the UTMA was intended to occur outside of court supervision and, therefore, without regard to ORCP 68, and the reimbursement of respondent's fees was not an award of attorney fees pursuant to ORCP 68. The trial court correctly ruled that it could allow attorney fees in this case as custodial expenses; that ORCP 68 did not govern respondent's motion for UTMA custodial expenses; and, without petitioner's objection, that the amount of respondent's expenses was appropriate.

Affirmed.