Argued and submitted November 13, 1992, judgment vacated in part; otherwise affirmed August 18, 1993

# In the Matter of the Marriage of

## Gordon R. HEARING,
*Respondent,*
*and*

## Lorna M. HEARING,
*Appellant.*

(27127; CA A74385)

857 P2d 877

Phillip A. Mendiguren, La Grande, argued the cause for appellant. With him on the brief was Carey, Joseph & Mendiguren, La Grande.

Martin J. Birnbaum, La Grande, argued the cause for respondent. With him on the brief was Riedlinger & Birnbaum, La Grande.

Before Richardson, Chief Judge, and Deits and Durham, Judges.

DEITS, J.

**DEITS, J.**

Wife appeals an order terminating spousal support as of March 1, 1995, pursuant to ORS 107.407 and ORS 107.412(2). On *de novo* review, we reverse.

In 1982, the parties' 14-year marriage was dissolved. Wife, then 45, was awarded permanent spousal support. She had worked full-time during the marriage until 1975, when, due to a back injury, she was unable to continue working. In 1985, she attempted to return to her former job, but failed the employer's physical exam. She has undergone 11 surgeries since 1975, with the most recent one having been performed in 1985. She suffers from a variety of physical ailments; she has trouble sleeping, migraine headaches, continuous back-aches, arthritis, urinary tract problems and a spastic colon. According to wife, she is unemployable due to her physical condition.

Husband, relying on ORS 107.407, argues that wife has not made reasonable efforts to become financially independent, because she has not made sufficient efforts in the last 10 years to become employed. He contends that she is capable of working, as evidenced by her volunteer work. According to husband, wife's volunteer work is as demanding as regular employment, but lacks the same level of remuneration.

ORS 107.407 provides, in pertinent part:

> "If an individual has paid an amount of money in installments for more than 10 years for the support of a former spouse under a court decree * * * and when the former spouse has not made a reasonable effort during that period of time to become financially self-supporting and independent of the support provided under the decree, the individual paying the support may petition the court * * * to set aside so much of the decree as may provide for the support of the former spouse."

ORS 107.412(2) provides:

> "[I]f the court finds that the party receiving support has not made a reasonable effort during the previous 10 years to become financially self-supporting and independent of the support provided under the decree, the court shall order that

support terminated. In making its finding under this subsection, the court shall consider the following matters:

"(a)  The age of the party receiving support;

"(b)  The health, work experience and earning capacity of the party;

"(c)  The ages, health and dependency conditions of the minor children of the party; and

"(d)  Efforts made by the party during the previous 10 years to improve opportunities for gainful or improved employment including, but not limited to, attendance at any school, community college or university or attendance at courses of vocational or technical training."

The trial court expressly considered the above factors and concluded that husband had failed to show that wife had not made reasonable efforts to become self-supporting. The trial court terminated spousal support as of March, 1995, because of its concern that the support-dependency relationship should end at some point.

We agree with the trial court that husband failed to prove that wife did not make reasonable efforts to become self-supporting. The unrebutted testimony of wife and another former husband establishes that her health is poor. She receives social security benefits because of her disability. Wife testified that her migraine headaches, which she has about once or twice a month, incapacitate her for 1 to 3 days, and that her spastic colon sometimes incapacitates her by causing her to vomit and have diarrhea. Her most recent spastic colon attack occurred a month before the hearing. She is on medication for chronic back pain, for arthritis and the spastic colon. Her volunteer work consists of waitressing for the Eagle's Club approximately twice a month, about two hours a night, and cocktail waitressing for the club about four times a year. She also helps six elderly women with light housework around their small apartments. However, there has been no showing that such volunteer work is as strenuous as regular employment. Wife testified that she is allowed to stop work at any time to rest. She is able to do light housework, but she cannot move the furniture or wash the walls. She mows the yard with a self-propelled lawn mower. She cannot ride in a car for more than 45 minutes without stopping to rest.

Husband did not present any evidence to contradict wife's testimony concerning her physical disabilities. Other than her volunteer work, there is no evidence in the record indicating that she is capable of employment. Wife's volunteer work is not as physically demanding as regular employment and amounts to only a few hours a month. We conclude that husband failed to meet his burden to prove that wife has not made reasonable efforts to become financially independent.

■ We also conclude that the trial court erred in terminating spousal support as of March, 1995, for the purpose of ending the support dependency relationship. An award of spousal support may be modified or terminated if there is a substantial change of circumstances, ORS 107.135, or if a spouse has not made reasonable efforts to become financially self- supporting. ORS 107.412(2). Husband has not proved that either of these conditions exist.[1]

■ Wife also assigns as error the trial court's refusal to award her attorney fees. An award of attorney fees under ORS 107.412(5) is discretionary. We review only for abuse of discretion. *See Porter and Porter*, 100 Or App 401, 786 P2d 740, *rev den* 310 Or 281 (1990). The trial court did not abuse its discretion.

Judgment terminating spousal support as of March 1, 1995, vacated; otherwise affirmed. Costs to wife.

---

[1] In view of our conclusion, we do not address whether, under ORS 107.407 and ORS 107.412, a trial court may order support to terminate in the future.