Argued and submitted July 7, 1998, affirmed on appeal and cross-appeal
February 24, 1999

## In the Matter of the Marriage of

### Julie Lynn SAUNDERS,
*Appellant - Cross-Respondent,*

### and

### Randall Scott SAUNDERS,
*Respondent - Cross-Appellant.*

### (96C-31653; CA A98321)

975 P2d 927

Clayton C. Patrick argued the cause and filed the brief for appellant - cross-respondent.

Russell Lipetzky argued the cause and filed the brief for respondent - cross-appellant.

Before Landau, Presiding Judge, Deits, Chief Judge,* and Wollheim, Judge.

LANDAU, P. J.

---

* Deits, C. J., *vice* Riggs, J., resigned.

## LANDAU, P. J.

Wife appeals a dissolution judgment, assigning error to the trial court's failure to award her spousal support and to various aspects of the court's division of the parties' property. Husband cross-appeals, assigning error to the award of attorney fees to wife. He argues that the trial court should have denied wife an award of attorney fees, and instead awarded him attorney fees, because wife failed to obtain a better result from the dissolution than husband had proposed in a pretrial offer of compromise. On the appeal, we affirm the judgment without further discussion. On the cross-appeal, we affirm for the reasons that follow.

The facts relevant to the disposition of the cross-appeal are few and undisputed. Wife filed for dissolution, and husband filed a response. Both parties requested an award of attorney fees. They stipulated to the value and division of most of their assets. The primary issues in dispute were spousal support and the valuation of husband's business. Husband submitted to wife several proposed stipulated judgments of dissolution. One of the proposals would have stipulated to the agreed-upon division of the bulk of the parties' property, along with an award of the family home to husband, an equalizing judgment, and no spousal support. Two other proposals would have stipulated to the same distribution of property but with no equalizing judgment and various amounts of spousal support.

The trial court ultimately accepted the parties' stipulation as to the agreed-upon division of personal property. The court further awarded the family home to husband, with no equalizing judgment in favor of wife and no spousal support award. The trial court did observe that wife had difficulties in obtaining certain records from husband during the course of the proceedings, and, for that reason, it stated an intention to award wife attorney fees in the amount of $7,000.

Husband requested reconsideration of the award of attorney fees. He argued that, under ORCP 54 E, he—not wife—was entitled to attorney fees, because he had made her an offer of compromise before trial, and she failed to obtain a

better result than what he had offered. Husband also objected that the trial court had erred in awarding attorney fees without the appropriate submissions required under ORCP 68. Wife responded that ORCP 54 E does not apply to domestic relations cases. She further argued that the trial court, *sua sponte*, simply had made a preliminary ruling on attorney fees. She submitted an ORCP 68 petition for an award of $12,000 in attorney fees, supported by an affidavit and billing records. The trial court rejected husband's arguments and reaffirmed its decision to award wife $7,000.

■ On cross-appeal, husband first contends that the trial court erred in awarding wife attorney fees when she rejected offers of compromise and failed to obtain a better outcome following trial. ORCP 54 E provides, in part:

"Except as provided in [statutes not pertinent to this case], the party against whom a claim is asserted may, at any time up to 10 days prior to trial, serve upon the party asserting the claim an offer to allow judgment to be given against the party making the offer for the sum, or the property, or to the effect therein specified. If the party asserting the claim accepts the offer, the party asserting the claim or such party's attorney shall endorse such acceptance thereon, and file the same with the clerk before trial, and within three days from the time it was served upon such party asserting the claim; and thereupon judgment shall be given accordingly, as a stipulated judgment. * * * If the offer is not accepted and filed within the time prescribed, it shall be deemed withdrawn, and shall not be given in evidence on the trial; and if the party asserting the claim fails to obtain a more favorable judgment, the party asserting the claim shall not recover costs, prevailing party fees, disbursements, or attorney fees incurred after the date of the offer, but the party against whom the claim was asserted shall recover of the party asserting the claim costs and disbursements, not including prevailing party fees, from the time of the service of the offer."

By its terms, ORCP 54 E applies only in cases in which one party asserts a "claim" against another. The question before us is whether a domestic relations proceeding is such a case. The answer lies in the intended meaning of the language of the rule, which we ascertain by examination of its text in context and, if necessary, its enactment history and other aids to

construction. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993).

The term "claim" generally refers to an assertion of a right to some form of relief. *Webster's Third New International Dictionary*, 414 (unabridged ed 1993); *Black's Law Dictionary*, 224 (5th ed 1979). In the context of ORCP 54 E, it is an assertion of relief *against another person* for a sum of money, or property, or other "effect."

A proceeding to dissolve a marriage is initiated by the filing of a petition, either by both parties to the marriage as copetitioners or by one of the parties as a petitioner. ORS 107.085(1). The petition need not assert any "claim" pertaining to the division of the parties' property, the custody of their children, child support, or spousal support. The court is authorized to determine a "just and proper" division of marital assets. ORS 107.105(1)(f). But the disposition of marital assets does not entail the resolution of a claim brought by one party against another. As ORS 107.105(1)(f) expressly provides:

> "Subsequent to the filing of a petition for annulment or dissolution of marriage or separation, the rights of the parties in the marital assets shall be considered a species of coownership, and a transfer of marital assets pursuant to a decree of annulment or dissolution of marriage or of separation * * * shall be considered a partitioning of jointly owned property."

Similarly, the court is authorized to determine child custody and parenting time, to establish an award of child support or spousal support, and to change names of either spouse without reference to the disposition of one party's claims for relief against another. ORS 107.105. Requests for relief in a dissolution proceeding, therefore, do not neatly fit into the term "claim" as used in ORCP 54 E.

■ The relationship between ORCP 54 E and the dissolution statutes in other respects confirms that ORCP 54 E was not intended to apply to requests for relief in dissolution proceedings. In a dissolution proceeding, although the parties may stipulate to a division of property, spousal support, and other matters, *see, e.g.,* ORS 107.105(1)(d) ("[t]he court

may approve, ratify and decree voluntary agreements providing for contribution to the support of a party"), the court is not required to accept the stipulation. *McDonnal and McDonnal*, 293 Or 772, 778, 652 P2d 1247 (1982); *Hearn and Hearn*, 128 Or App 259, 264, 875 P2d 508 (1994). The court has an affirmative obligation to evaluate the fairness of the settlement agreement. *McDonnal*, 293 Or at 778. In contrast, under ORCP 54 E, when a party accepts an offer of compromise, the trial court has no such authority. The rule provides that "judgment shall be given" in accordance with the accepted offer. ORCP 54 E.

Moreover, in dissolution cases courts are authorized—but not required—to award attorney fees. ORS 107.105(1)(i) authorizes the trial courts to award "any further sums as additional attorney fees or additional costs and expenses of suit or defense as the court finds reasonably and necessarily incurred." As the Supreme Court explained in *Haguewood and Haguewood*, 292 Or 197, 638 P2d 1135 (1981), under that statute, the court is not required to award attorney fees merely as a reward to the prevailing party. Instead, the court is to evaluate the financial resources of the parties, the property division made by the court's judgment, any orders of support and the like in determining whether it would be equitable to assign to one party or the other the obligation to pay attorney fees. *Id.* at 212-13. Again, in contrast, ORCP 54 E removes any discretion; it requires an award of attorney fees and costs when the party asserting a claim fails to obtain a more favorable judgment than what the other party proposed in an offer of compromise.

Finally, we consider the nature of the relief involved in dissolution cases and the extent to which it is amenable to the sort of "winner" and "loser" determination that ORCP 54 E requires. Dissolution cases commonly involve a host of different forms of relief, from the partitioning or award of real and personal property, to the determination of custody, the ascertainment of an appropriate parenting schedule, the establishment of trusts, and the imposition of obligations to pay child and spousal support. As the Supreme Court noted in *Haguewood*, the varieties of relief involved often render it difficult to determine which party "prevails" in a dissolution action. 292 Or at 212. In that regard, it is not surprising that

the statutes do not condition an award of attorney fees by a trial court in a dissolution proceeding on one party "prevailing" over another. ORS 107.105(1)(h). ORCP 54 E, once again in contrast, requires a determination whether a party that rejected an offer of compromise "obtain[ed] a more favorable judgment." To embark on such a determination in a dissolution case would require evaluating the extent to which various combinations of child custody, visitation, property distribution, and support awards result in a more or less "favorable" judgment. It is, in brief, an intrinsically impossible determination.

We conclude that ORCP 54 E does not apply to proposed stipulated dissolution judgments. The trial court therefore did not err in accepting wife's petition for an award of attorney fees.

■ Husband next contends that the trial court erred in awarding wife attorney fees without following the procedures set forth in ORCP 68. Husband certainly is correct that ORCP 68 generally governs the procedure by which attorney fees are determined in dissolution cases. *O'Neal and O'Neal*, 158 Or App 431, 433-35, 974 P2d 785 (1999). He fails to identify any particular provision with which the trial court failed to comply, however. His only specific complaint is that the trial court made its decision "without the benefit of submissions under ORCP 68."

Before entering the judgment for an award of attorney fees, the trial court received wife's petition for an award of fees, including her counsel's supporting affidavit and billing records. Husband likewise had an opportunity to submit objections to the petition, as well as his own petition for an award of fees, with supporting memoranda and affidavits. We conclude that the trial court did not err in awarding wife attorney fees.

Affirmed on appeal and on cross-appeal.