Argued and submitted April 19, supplemental judgment for attorney fees and costs vacated and remanded, otherwise affirmed September 13, 2023

In the Matter of the Marriage of

Bobbi Lynn BUCHANAN,
*Petitioner-Appellant,*
*and*

Robert Paul BUCHANAN,
*Respondent-Respondent.*

Clackamas County Circuit Court
16DR10064; A177872

536 P3d 1064

Mother appeals from a supplemental judgment awarding father attorney fees and costs. On appeal, mother argues that the trial court erred in awarding father nearly all of his attorney fees and costs because, among other things, the trial court did not name a prevailing party, and it did not make sufficient general findings when making the fee award. In addition, mother argues the trial court abused its discretion by awarding father his fees and costs because the trial court's decision did not account for the difference in the parties' financial resources. *Held*: Based on *Saunders and Saunders*, 158 Or App 601, 975 P2d 927 (1999), the trial court was not required to name a prevailing party as to each claim in this type of domestic relations action. However, the trial court did not make adequate findings to permit meaningful appellate review because The Court of Appeals could not determine whether the trial court considered or weighed the financial resources of the parties when making its decision.

Supplemental judgment for attorney fees and costs vacated and remanded; otherwise affirmed.

Ulanda L. Watkins, Judge.

Kristin Winnie Eaton argued the cause for appellant. Also on the briefs was Eaton Family Law & Mediation, LLC.

George W. Kelly argued the cause and filed the brief for respondent.

Before Tookey, Presiding Judge, and Egan, Judge, and Kamins, Judge.

EGAN, J.

Supplemental judgment for attorney fees and costs vacated and remanded; otherwise affirmed.

**EGAN, J.**

In this domestic relations case, mother appeals a supplemental judgment that awarded father $93,655.63 in costs and attorney fees and denied mother's request for costs or attorney fees. We vacate the supplemental judgment for attorney fees and costs and remand to the trial court because the record is inadequate for meaningful review.

Mother and father have two minor children. They divorced in March 2017 via Stipulated General Judgment of Dissolution of Marriage. The general judgment awarded the parties joint custody of the children and awarded father parenting time based on a two-week rotating schedule. In one week, father had parenting time from Thursday after school until Monday when school began. In the other week, father had parenting time on Wednesdays after school until 7:00 p.m.

Since the dissolution, the parties have filed three separate actions. First, in January 2019, mother filed a contempt action in which she sought to compel father to pay his obligations under the general judgment and provide mother with proof of life insurance. Second, in February 2019, father filed a motion to modify the general judgment to change parenting time and child support. Third, in October 2020, mother sought a modification of the judgment to, among other things, change custody, change the parenting schedule, and modify child support. At that same time, mother also initiated a second contempt claim against father.

The first action resulted in a settlement between the parties in March 2019. From that action, mother received a judgment for $5,115.02, but father did not admit mother's allegations of contempt. The parties agreed that each would be responsible for their own attorney fees for that action. Father's February 2019 modification action and mother's October 2020 modification and contempt actions were consolidated. Those actions resulted in a final settlement in April 2021. The trial court dismissed those actions, and it signed a supplemental judgment regarding custody, parenting time, and child support in October 2021.

After the entry of the supplemental judgment, mother and father filed motions for attorney fees and costs pursuant to ORCP 68. Mother requested $56,400.38 in fees and costs; father requested $99,900.85 in fees and costs. Mother argued that her income precluded her from being able to pay fees given that she makes minimum wage and qualifies for food stamps and Oregon Health Plan, while noting that "father makes as much in a month as mother does in a year." In addition, mother argued that father had been unresponsive to discovery requests and had attempted to hide his income, which led to further fees in litigation. Father argued that mother had stalled settlement by refusing to engage in mediation and a reference trial, had withheld discovery related to her income, and had asserted needless objections to the form of judgment after the parties settled.

In an email to the parties, and after "careful review of each [party's] requests and objections," the trial court denied mother's claim for attorney fees and costs and awarded father $93,655.63 in attorney fees and costs pursuant to ORCP 68 and ORS 107.135(8).[1] The court explained that it was reducing father's award from the requested amount, because father's request included fees from mother's first contempt action, and the parties had agreed that they would be responsible for their own fees on that claim. In addition, the court reduced by 1.5 hours the time allotted for father's counsel's work on the settlement proposal letter. The court did not order fees for time spent preparing or attending a hearing on attorney fees, as no hearing had been held, but it awarded father fees for the time spent drafting the Statement for Attorney Fees and Objections. The court said that "[t]he Judge's ruling is based on the following statutory factors: ORS 20.075 1(a), 1(b), 1(e), 1(f), 1(h), 2(a), 2(c) and 2(d)."[2] A supplemental judgment was entered awarding father attorney fees and costs.

_____

[1] ORS 107.135(8) permits a court to "assess against either party a reasonable attorney fee and costs for the benefit of the other party. If a party is found to have acted in bad faith, the court shall order that party to pay a reasonable attorney fee and costs of the defending party."

[2] ORS 20.075 provides, in part:

"(1) A court shall consider the following factors in determining whether to award attorney fees in any case in which an award of attorney fees is

Mother then filed this appeal.

As an initial matter, we decline mother's request for *de novo* review because this is not an "exceptional case." ORAP 5.40(8)(c) ("Consistently with that presumption against the exercise of discretion, requests under paragraph (a) or (b) [for *de novo* review] are disfavored."). Thus, we review a trial court's "legal determinations with respect to entitlement to attorney fees for errors of law" and its "exercises of discretion for abuse of discretion." *Trent v. Connor Enterprises, Inc.*, 300 Or App 165, 168, 452 P3d 1072 (2019) (citation and internal quotation marks omitted).

On appeal, mother raises five assignments of error relating to attorney fees, arguing that the trial court erred because (1) the court that ruled on attorney's fees was not the trial judge nor the presiding judge's designee, as required by UTCR 5.040; (2) the court ruled prior to the deadline for parties to file their replies pursuant to ORCP 68;

---

authorized by statute and in which the court has discretion to decide whether to award attorney fees:

"(a) The conduct of the parties in the transactions or occurrences that gave rise to the litigation, including any conduct of a party that was reckless, willful, malicious, in bad faith or illegal.

"(b) The objective reasonableness of the claims and defenses asserted by the parties.

"* * * * *

"(e) The objective reasonableness of the parties and the diligence of the parties and their attorneys during the proceedings.

"(f) The objective reasonableness of the parties and the diligence of the parties in pursuing settlement of the dispute.

"* * * * *

"(h)  Such other factors as the court may consider appropriate under the circumstances of the case.

"(2) A court shall consider the factors specified in subsection (1) of this section in determining the amount of an award of attorney fees in any case in which an award of attorney fees is authorized or required by statute. In addition, the court shall consider the following factors in determining the amount of an award of attorney fees in those cases:

"(a) The time and labor required in the proceeding, the novelty and difficulty of the questions involved in the proceeding and the skill needed to properly perform the legal services.

"* * * * *

"(c) The fee customarily charged in the locality for similar legal services.

"(d) The amount involved in the controversy and the results obtained."

(3) mother was the predominantly prevailing party, but the court failed to identify a prevailing party as required by ORS 20.077(2); (4) the court did not allow a hearing on the issues or make detailed findings of fact and conclusions of law despite father's request under ORCP 68 C(4)(e)(i); and (5) the court abused its discretion, because it did not account for the difference in the parties' financial resources.[3]

　　　*Mother's Third Assignment of Error.* In mother's third assignment of error, she challenges the lower court's failure to identify a predominantly prevailing party and "follow the required procedure for determining the award for attorney fees when there was more than one claim," which mother argues was required under ORS 20.077.[4] Mother argues that she prevailed on every "claim" except the allocation of parenting time. Thus, according to mother, if the court followed the procedure of naming the prevailing party as to each claim, father's fee award would be significantly reduced because he only prevailed on one claim.

　　　In *Saunders and Saunders*, the trial court awarded the wife attorney fees in a dissolution action. 158 Or App 601, 603, 975 P2d 927 (1999). The husband argued that the trial court erred in awarding attorney fees because the wife had obtained a worse result than she would have obtained

---

[3] Our resolution of this case obviates the need to reach mother's first two assignments of error.

[4] ORS 20.077(1) and (2) provide that

　　"(1) In any action or suit in which one or more claims are asserted for which an award of attorney fees is either authorized or required, the prevailing party on each claim shall be determined as provided in this section. * * *

　　"(2) For the purposes of making an award of attorney fees on a claim, the prevailing party is the party who receives a favorable judgment or arbitration award on the claim. If more than one claim is made in an action or suit for which an award of attorney fees is either authorized or required, the court or arbitrator shall:

　　"(a) Identify each party that prevails on a claim for which attorney fees could be awarded;

　　"(b) Decide whether to award attorney fees on claims for which the court or arbitrator is authorized to award attorney fees, and the amount of the award;

　　"(c) Decide the amount of the award of attorney fees on claims for which the court or arbitrator is required to award attorney fees; and

　　"(d) Enter a judgment that complies with the requirements of ORS 18.038 and 18.042."

had she accepted the husband's previous offer to compromise. *Id.* at 603-04. Thus, the husband argued that the wife was not entitled to fees under ORCP 54 E.[5] *Id.* We determined that, "[b]y its terms, ORCP 54 E applies only in cases in which one party asserts a 'claim' against another[,]" but domestic relations proceedings are not such a case where a party asserts a "claim" because those cases are not amenable to "winner" or "loser" determinations. *Id.* at 604, 606. In a dissolution case, determining who "prevailed" or "obtained a more favorable judgment" is an "intrinsically impossible determination," because it "require[s] evaluating the extent to which various combinations of child custody, visitation, property distribution, and support awards result in a more or less 'favorable' judgment." *Id.* at 607. We specifically noted that, in domestic relations proceedings, a trial court must decide numerous issues "without reference to the disposition of one party's claims for relief against another." *Id.* at 605.

In this case, the trial court did not err when it awarded attorney fees to father without naming a prevailing party as to each claim. By its terms, ORS 20.077 applies to "any action or suit in which one or more claims are asserted for which an award of attorney fees is either authorized or required[.]" As we determined in *Saunders*, "[r]equests for relief" in these types of domestic actions "do not neatly fit into the term 'claim' ***." 158 Or App at 605. Although mother correctly notes that *Saunders* was a dissolution case, which is different from a modification action, we conclude that the holding in *Saunders* applies broadly to domestic relations cases. *See id.* at 604 ("The question before us is whether a *domestic relations proceeding* is such a case [in which one party asserts a claim against another]." (Emphasis added.)). Thus, the trial court did not err when it did not name a prevailing party as to each claim under ORS 20.077 because it was not required to do so in this type of domestic relations action.

*Mother's Fourth and Fifth Assignments of Error.* Within mother's fourth and fifth assignments of error, she argues that (1) the trial court did not make sufficient general

---

[5] ORCP 54 E provides that costs and fees cannot be recovered by a party who rejects an offer of compromise and then later fails to obtain a better outcome on their claims.

findings of fact, and (2) the trial court's award of attorney fees was an abuse of discretion, because it did not account for the difference in the parties' financial resources—mother earns around $2,500 monthly, and father earns around $24,000 monthly. Mother argues that the court's authority to award attorney fees is guided by the equitable concern that "neither spouse should be denied the opportunity to sue or defend due to lack of equal access to marital resources * * *." *Haguewood and Haguewood*, 292 Or 197, 213, 638 P2d 1135 (1981). Father responds that the trial court awarded father attorney fees based on the subsections of ORS 20.075 cited by the court: the "conduct of the parties," ORS 20.075(a); the "objective reasonableness of the claims and defenses," ORS 20.075(b); and the "diligence of the parties in pursuing settlement," ORS 20.075(f). Father argues that the trial court's ruling implies that it "found mother lacking in these areas," and that the record supports that conclusion.

In deciding whether the trial court abused its discretion in its attorney-fee determination, we must first decide whether the trial court's findings are sufficient for appellate review. *Jaimez v. Rosales*, 323 Or App 741, 748, 525 P3d 92 (2023) ("[A] trial court is always expected to provide minimally adequate findings for meaningful appellate review of a discretionary ruling."). Because neither party requested special findings, under ORCP 68 C(4)(g), the trial court only needed to make general findings. For general findings to be sufficient for appellate review, the trial court must have said "enough to allow for meaningful appellate review when one views the ruling in the context of the arguments that the parties made." *Id*. at 750 (citation omitted). Due to the nature of discretionary fee awards, "sometimes, the absence of an explanation makes it impossible in practice to determine whether the court acted within its discretion." *Moreau v. Samalin*, 295 Or App 534, 538, 435 P3d 794 (2019). "As a result, we may not know what factors a court has considered unless it tells us." *Id*.

If the findings are sufficient for appellate review, we then review those findings for an abuse of discretion. "When exercising its discretion, the trial court is to assess the parties' financial resources, the division of the parties' property

in the dissolution, and any support payments, as well as the factors set forth in ORS 20.075(1)." *Dang and Chun*, 238 Or App 218, 221-22, 242 P3d 680 (2010) (citing *Haguewood*, 292 Or at 213, and *Niman and Niman*, 206 Or App 400, 422-23, 136 P3d 1186 (2006)). "If the trial court's decision was within the range of legally correct discretionary choices and produced a permissible, legally correct outcome, then the trial court did not abuse its discretion." *State v. Romero*, 236 Or App 640, 643, 237 P3d 894 (2010) (citation and internal quotation marks omitted).

In this case, we conclude that the court's findings are not adequate for review, because we cannot determine whether the court considered the financial resources of the parties in making its determination. *See Dang*, 238 Or App at 221-22 ("When exercising its discretion, the trial court is to assess the parties' financial resources * * *."); *see also Steltz v. Cain*, 325 Or App 560, 562, 529 P3d 284 (2023) ("A trial court can also abuse its discretion * * * when a court fails to * * * consider all relevant circumstances in making its decision." (Citations and internal quotation marks omitted.)). It is clear that the trial court considered the ORS 20.075 factors, as it articulated in its decision. However, it is not clear whether the trial court considered or weighed the parties' disproportionate income against those factors given the lack of discussion in the trial court's findings regarding their income. Without knowing whether the trial court considered the parties' financial resources in reaching its decision, we cannot determine whether the court abused its discretion.

"[V]acating and remanding to the trial court is generally the appropriate disposition when a discretionary attorney fee award is not susceptible to meaningful appellate review due to a lack of explanation or findings." *Moreau*, 295 Or App at 540-41. Accordingly, we vacate the judgment awarding $93,655.63 in attorney fees to father, and we remand for the trial court to determine a reasonable sum for attorney fees pursuant to ORS 20.075, considering the parties' financial resources.[6]

---

[6] We note that, on remand, the trial court is not required to make "special findings" under ORCP 68 C(4)(g), because mother did not request them. "It is for the trial court to decide how to provide the necessary information for meaningful appellate review." *Moreau*, 295 Or App at 543 n 4.

Supplemental judgment for attorney fees and costs vacated and remanded; otherwise affirmed.