216 November 15, 2023 No. 603

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of the Marriage of

Leslie Ann HIGLEY,
nka Leslie Ann Conrad,
*Petitioner-Respondent,*
*and*

Shawn Orin HIGLEY,
*Respondent-Appellant.*

Multnomah County Circuit Court
20DR01864; A178379 (Control)

Leslie Ann HIGLEY,
nka Leslie Ann Conrad,
*Petitioner-Respondent,*
*and*

Shawn Orin HIGLEY,
*Respondent-Appellant.*

Multnomah County Circuit Court
21CN03615; A178378

Morgan Wren Long, Judge.

Argued and submitted October 6, 2023.

George W. Kelly argued the cause and filed the briefs for appellant.

Laura Graser argued the cause and filed the brief for respondent.

Before Ortega, Presiding Judge, and Powers, Judge, and Hellman, Judge.

HELLMAN, J.

Affirmed.

**HELLMAN, J.**

Husband appeals from a judgment that found him in contempt for failing to comply with two provisions of the general judgment of dissolution. He also appeals the trial court's award of attorney fees. He asserts four assignments of error. For the reasons below, we affirm.

*Contempt of the General Judgment.* In his first two assignments of error, husband argues that the trial court erred when it found him in contempt for failing to comply with two provisions of the general judgment. We review a trial court's finding of contempt "under the same standard that applies to our review of jury verdicts, which is a review for any evidence to support the findings." *Keller and Holdner*, 232 Or App 341, 344, 222 P3d 1111 (2009) (internal quotation marks omitted).

Contempt occurs when a person willfully disobeys or fails to comply with a court's order. ORS 33.015(2). To establish contempt there must be "(1) proof of an existing, valid court order, (2) the contemnor's knowledge of the order, and (3) the contemnor's willful noncompliance with that order." *State v. Welch*, 295 Or App 410, 417, 434 P3d 488 (2018). In the context of contempt, acting willfully means acting "intentionally and with knowledge that the act or omission was forbidden conduct." *State v. Nicholson*, 282 Or App 51, 62, 383 P3d 977 (2016) (internal quotation marks and brackets omitted).

As to the first provision of the general judgment, husband asserts that he could not be held in contempt for his failure to remove a legal marijuana grow from the parties' joint property or to list the property for sale because his lease with a tenant—who was responsible for the marijuana—prevented him from doing so. Although inability to comply with a court order is an affirmative defense to contempt, ORS 33.055(10), the defense is not available if the party seeking to rely on it "has, in bad faith, rendered himself unable to do so." *State ex rel Fry v. Fry*, 28 Or App 403, 406, 559 P2d 1293 (1977).

Here, the trial court concluded that husband had not carried his burden to establish that affirmative defense.

The trial court found that it was not clear husband was unable to comply because "the evidence overwhelmingly demonstrate[d]" that husband falsified the lease that he relied upon. Alternatively, the trial court found that husband's own actions created any inability to comply because he unilaterally entered into a lease that he failed to disclose—a lease that would prevent his compliance with provisions in the judgment—and then signed the judgment anyway. Although husband disagrees with the trial court's view of the record, we do not reweigh evidence on appeal. *See Keller*, 232 Or App at 344 (explaining that "we do not reweigh the evidence to determine anew whether there is clear and convincing evidence of contempt"). After a review of the record, we determine that evidence supports the trial court's findings as to contempt on this provision of the general judgment.

On the second provision in the general judgment, husband argues that the court erred when it found him in contempt for not timely paying the mortgage. Husband asserts that he was timely paying the mortgage under the forbearance agreement that he had obtained, which reset the mortgage due dates to a future time. The provision in the judgment that required husband to timely pay the mortgage was intended to ensure that husband shouldered sole financial responsibility for the property until it was sold. Therefore, husband's argument depended on his assertion that he would "true up" the finances at the end. But the trial court found that husband was not credible and that husband's unilateral decision to enter into the forbearance agreement effectively shifted a portion of the financial burden onto wife. The trial court's credibility finding, which we do not revisit on appeal, along with evidence in the record, supports the trial court's decision as to contempt on this provision of the general judgment. The trial court did not err as to its findings of contempt.

*Attorney Fees.* In his final assignments of error, husband argues that the trial court erred when it granted wife's attorney fee request and denied his attorney fee request. "[W]e review a trial court's legal determinations with respect to entitlement to attorney fees for errors of

law and its exercises of discretion for abuse of discretion." *Buchanan and Buchanan*, 328 Or App 6, 9, 536 P3d 1064 (2023) (internal quotation marks omitted).

Here, the general judgment provided that if "either party does not fulfill all or any of his or her obligations strictly in accordance with this [j]udgment *** the predominantly prevailing party shall be entitled to receive his or her reasonable attorney fees and costs in addition to any remedy provided by law or equity." Wife filed motions for enforcement and contempt related to the general judgment and the court found husband in contempt "for willfully failing to comply with multiple portions of the [j]udgment" and that enforcement was necessary. Further, the court rejected husband's argument that he "won" several of the issues in the underlying enforcement and contempt motions. As a consequence, we find no error in its award of attorney fees to wife.

Husband's other arguments challenge the trial court's discretionary rulings on the amount of fees awarded to wife. Having reviewed the record, we find no abuse of discretion in the trial court's decision to award wife her attorney fees in full. Similarly, a review of the record demonstrates that the trial court did not abuse its discretion in denying husband's request for attorney fees. *See Dornbusch and Dornbusch*, 195 Or App 61, 65, 71, 96 P3d 877 (2004) (concluding that the trial court did not abuse its discretion when it denied the appellant's request for attorney fees even though he had successfully defended the respondent's contempt motion).

Affirmed.