678 December 20, 2023 No. 669

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of the
John B. Fenner Revocable Living Trust,
dated August 5, 1998, as amended.

Roberta L. FENNER,
in her capacity as a beneficiary of the John B. Fenner
Revocable Living Trust, u/a/d August 5, 1998,
*Objector and Cross Petitioner-Appellant,*

*v.*

Hillary H. FENNER,
in her capacity as a beneficiary of the John B. Fenner
Revocable Living Trust, u/a/d August 5, 1998,
*Objector and Cross Respondent-Respondent,*

*and*

David L. CARLSON,
in his capacity as Trustee of the John B. Fenner Revocable
Living Trust, u/a/d August 5, 1998,
*Trustee-Respondent,*

*and*

Grace Hartrick FENNER
and John Buhl Fenner,
each in his or her capacity as a beneficiary of
the John B. Fenner Revocable Living Trust,
u/a/d August 5, 1998,
*Cross-Respondents below.*

Hillary H. FENNER,
*Petitioner-Respondent,*

*v.*

Roberta L. FENNER,
*Respondent-Appellant.*

Benton County Circuit Court
0810354, 1310664; A175326 (Control), A176464

Joan E. Demarest, Judge.

Submitted October 6, 2022.

Roberta Fenner filed the briefs pro se.

Stanton R. Gallegos, Anit Jindal, and Markowitz Herbold, PC, filed the brief for respondent Hillary H. Fenner.

J. Kevin Shuba filed the brief for respondent David L. Carlson.

Before Ortega, Presiding Judge, and Powers, Judge, and Hellman, Judge.

ORTEGA, P. J.

Affirmed.

**ORTEGA, P. J.**

Roberta Fenner appeals three judgments entered in two consolidated cases involving the administration of her late father's trust, the John B. Fenner Revocable Living Trust (the trust). She raises five assignments of error challenging various aspects of the judgments. We conclude that Roberta has not identified any basis for reversing the judgments and, accordingly, affirm.

Roberta requests that we review this case *de novo*. ORS 19.415(3)(b). We decline to do so because this is not an "exceptional" case, ORAP 5.40(8)(c), and the trial court made extensive factual findings, including demeanor-based credibility findings, ORAP 5.40(8)(d). Accordingly, "we are bound by the trial court's findings of historical fact that are supported by any evidence in the record," and "we review the court's dispositional conclusions for errors of law." *Williamson v. Zielinski*, 326 Or App 648, 649, 532 P3d 1257 (2023).

These cases are before us after a trial on remand from *Fenner v. Fenner*, 288 Or App 540, 405 P3d 159 (2017), *rev den*, 362 Or 665 (2018) (*Fenner I*). A full recitation of the historical and procedural facts in this dispute would not benefit the parties, the bench, or the bar. In brief, Roberta served as acting trustee from May 2008 to March 2011. Roberta's sister, Hillary Fenner, and the successor trustee, Dorszynski, filed objections to Roberta's final accounting (the accounting case). Hillary also initiated a separate action against Roberta alleging breach of trust and other claims (the breach of trust case), and the cases were consolidated. Roberta filed a petition for declaratory judgment in the accounting case seeking to disinherit Hillary for allegedly violating the "no-contest" provision of the trust. After a trial on both cases, the court entered a limited judgment ordering Roberta to pay $196,467.67 plus interest for expenditures of trust assets she made in violation of various duties as trustee. The court also entered a judgment declaring that Hillary did not trigger the no-contest clause of the trust and a limited judgment awarding Hillary and Dorszynski attorney fees. Roberta appeals all three judgments.[1]

_____

[1] Roberta's opening brief fails to comply with ORAP 5.45(3), which requires that "[e]ach assignment of error must identify precisely the legal, procedural,

*First assignment of error.* Roberta first argues that the trial court erred in declaring that Hillary did not trigger the "no-contest clause" of the trust. Article 15, section 3, of the trust provides, in part:

> "If anyone, other than me, shall in any manner, directly or indirectly, attempt to contest or oppose the validity of this agreement, including any amendments thereto, * * * then in such event such person shall forfeit his or her share, cease to have any right or interest in the trust property, and shall be deemed to have predeceased me."

Roberta contends that Hillary triggered the no-contest clause when, at trial on the accounting case, "Hillary repeatedly stated [that] Amendment Number Six [to the trust] was not valid and refused to stipulate that the Trust including Amendment Number Six was valid." In Roberta's view, Hillary's conduct amounted to an "attempt to contest or oppose the validity of [the] agreement, including any amendments thereto."

Roberta's argument is foreclosed by the trial court's conclusion that Amendment Six is not valid, because the trust's severability provision unambiguously directs that an invalid provision be treated as void *ab initio. See Fenner I*, 288 Or App at 546 (explaining that, "[i]n construing trusts, our goal is to determine and give effect to the intent of the trustor, if possible," and that we "strictly construe" trust provisions and "do not extend them beyond their express terms" (internal quotation marks and citation omitted)). Article 15, section 5, subsection g, of the trust provides that, "[i]f any provision of this agreement is declared by a court of competent jurisdiction to be invalid for any reason, * * * the agreement shall be construed and enforced as if the invalid provision had never been included in this agreement." After trial, the court concluded that Amendment Six was not valid based primarily, although not entirely, on its

---

factual, or other ruling that is being challenged," which generally renders a claim of error unreviewable on appeal unless we can discern which rulings the appellant is challenging. *Duckworth v. Duckworth*, 327 Or App 219, 223 n 4, 534 P3d 1076 (2023). We therefore address only those claims of error that are discernible and that Roberta has demonstrated were properly raised and preserved. ORAP 5.45(4) ("The court may decline to consider any assignment of error that requires the court to search the record to find the error or to determine if the error properly was raised and preserved.").

finding that John was "disabled and incapacitated" under Article 4, section 2, of the trust before he purportedly executed Amendment Six in May 2008. We therefore need not decide whether Hillary's conduct fell within the scope of the no-contest clause, because any purported "attempt to contest" Amendment Six was not an "attempt to contest * * * this agreement" under the trust's express terms. Accordingly, we reject Roberta's first assignment of error.

*Second assignment of error.* Roberta's second assignment of error challenges "the trial court's entry of a Limited Judgment of Surcharge and Money Award specifically 'based upon specific Objection[s] of Hillary Fenner's Objection to [Roberta's] Final Accounting' and denying Roberta's motion to dismiss." The trial court did not err in denying Roberta's motion to dismiss Hillary's objections for lack of standing because Hillary has standing to object in the accounting case as a vested beneficiary to the trust. ORS 130.010(2) (defining "beneficiary" to include a person who has "a present or future beneficial interest in a trust, whether vested or contingent"); *Tseng v. Tseng*, 271 Or App 657, 673, 352 P3d 74, *rev den*, 358 Or 69 (2015) (explaining that, under the Oregon Uniform Trust Code (OUTC), "the beneficiaries of a revocable trust have a statutorily recognized interest in the trust that exists both during and after the settlor's lifetime" unless the settlor eliminates that interest and that "the interest is one that the OUTC authorizes the beneficiaries to enforce upon the settlor's death"). Further, the surcharges the trial court imposed based on Hillary's objections are supported by the applicable burden of proof, *Jimenez v. Lee*, 274 Or 457, 466, 547 P2d 126 (1976) (a trustee's duty to account includes "the trustee's burden to prove that the expenditures were made for trust purposes"), and by the trial court's express factual findings, which are in turn supported by evidence in the record. We reject Roberta's remaining arguments in support of this assignment of error as unpreserved or insufficiently developed for our review. We therefore reject Roberta's second assignment of error.

*Third assignment of error.* Roberta's third assignment of error challenges "the surcharge 'in the amount of

$3,678.08, plus interest at the rate of 9% per annum from May 7, 2008, based upon the objection of [Dorszynski], for penalties and interest incurred by the Trust as a result of [Roberta's] failure to file required income tax returns and to maintain adequate records." Contrary to Roberta's argument, Dorszynski had standing to enforce claims of the trust as a successor trustee. ORS 130.700 ("A trustee shall take reasonable steps to enforce claims of the trust and to defend claims against the trust."); *Roberts v. Fearey*, 162 Or App 546, 556, 986 P2d 690 (1999) ("Successor trustees may still sue their breaching predecessors."). And the surcharge the trial court imposed based on Dorszynski's objection is supported by the applicable burden of proof and the trial court's express factual findings, which in turn are supported by evidence in the record. We reject Roberta's remaining arguments in support of this assignment of error as unpreserved or insufficiently developed for our review. We therefore reject Roberta's third assignment of error.

*Fourth assignment of error.* Roberta's fourth assignment of error challenges "the trial court's findings of fact, conclusions of law not supported by the record and judgment on grounds not pled, foreclosed by the statute of limitations, and not set for trial" with respect to the breach of trust case. We note that the accounting case and the breach of trust case were consolidated by stipulation in March 2014 and that the trial court granted Roberta additional time to present evidence and legal argument after she objected that she did not have sufficient notice that the court was proceeding to trial on the breach of trust case. However, we need not decide whether the trial court erred in proceeding to trial in the breach of trust case because we conclude that Roberta has not demonstrated that any purported error prejudiced her. The trial court awarded the same relief in the accounting and the breach of trust cases, so reversing the judgment in the breach of trust case would not "substantially affect[] the rights of a party." ORS 19.415(2). We therefore reject Roberta's fourth assignment of error.

*Fifth Assignment of Error.* In her fifth and final assignment of error, Roberta contends that the trial court erred in entering a limited judgment awarding attorney

fees. We review a trial court's legal determinations with respect to entitlement to attorney fees for errors of law and its exercises of discretion for abuse of discretion. *Buchanan and Buchanan*, 328 Or App 6, 9, 536 P3d 1064 (2023). Hillary and Dorszynski were entitled to attorney fees because the consolidated accounting and breach of trust case is a "judicial proceeding involving the validity or administration of a trust." ORS 130.815. The trial court acted within its discretion in considering Hillary's untimely fee statement where Hillary did not receive timely notice of the entry of judgment. *See* ORCP 68 C(4)(d)(ii) (trial court has discretion "upon any terms that may be just" to allow a statement to be filed and served after the time specified). Roberta has not identified any abuse of discretion in the trial court's thorough analysis of the ORS 20.075 factors in awarding the amount of fees. We reject Roberta's remaining arguments in support of this assignment of error as unpreserved or insufficiently developed for our review. We therefore reject Roberta's fifth assignment of error.

Affirmed.