300 May 7, 2025 No. 398

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of the Marriage of

Mark Allen NORLING,
*Petitioner-Appellant,*
*and*

Holidae Shawne NORLING,
*Respondent-Respondent.*

Multnomah County Circuit Court
110261413; A183332

Kathryn L. Villa-Smith, Judge.

Argued and submitted March 21, 2025.

Bradford F. Miller argued the cause for appellant. Also on the briefs was Stahancyk, Kent & Hook P.C.

George W. Kelly argued the cause and filed the brief for respondent.

Before Tookey, Presiding Judge, Jacquot, Judge, and Kistler, Senior Judge.

TOOKEY, P. J.

Affirmed.

**TOOKEY, P. J.**

In this appeal, husband seeks reversal of a judgment awarding attorney fees to wife after the trial court denied husband's petition to set aside and terminate spousal support pursuant to ORS 107.407 and ORS 107.412.[1] On appeal, husband focuses on the trial court's finding under ORS 20.075(1)(h) that wife was not able to pay all her attorney fees and that husband was more able to pay.[2] In his first assignment of error, husband argues that there was no evidence to support that finding. In his second assignment, husband claims that he was "blindsided" by the finding and that he did not have an opportunity to submit evidence or meaningfully litigate the issue. We are not persuaded by those arguments. We therefore affirm.

After 10 years of paying support, a party may petition to set aside or terminate spousal support if the former spouse fails to make a reasonable effort to become financially self-supporting and independent. ORS 107.412. In a proceeding to set aside or terminate spousal support, "the court may assess against either party a reasonable attorney fee for the benefit of the other." ORS 107.412(5). "An award of attorney fees under ORS 107.412(5) is discretionary. We review only for abuse of discretion." *Hearing and Hearing*, 122 Or App 337, 341, 857 P2d 877 (1993). When a statute provides for a discretionary award of attorney fees, that discretionary decision can involve predicate factual and legal determinations. *See Kasliner v. Dept. of Human Services*, 330 Or App 85, 103, 543 P3d 131 (2023), *rev den*, 372 Or 560 (2024). We review predicate legal determinations for errors of law and predicate factual determinations for lack of supporting evidence. *Id.* at 104.

In the instant case, husband and wife divorced in December 2011. Husband began paying spousal support of $8,000 per month. In July 2014, the parties stipulated to modified spousal support of $7,500 per month. Ten years after their divorce, in December 2021, husband sought to set aside and terminate spousal support arguing that wife

___

[1] Although the parties were divorced in 2011, we refer to them as husband and wife for the sake of convenience and clarity intending no disrespect.

[2] ORS 20.075 was amended in 2023. Or Laws 2023, ch 72, § 32. That amendment does not affect our analysis, so we refer to the current version of the statute.

had not made reasonable efforts to become financially self-supporting and independent. After a trial in November 2022, the court found that wife made "a genuine effort to re-enter the work force," but she continued to suffer from health problems such that she was not able to obtain employment and become self-supporting. In May 2023, the trial court entered a supplemental judgment denying the motion to terminate spousal support.

In June 2023, wife moved for attorney fees and costs. She sought $196,970.75 in attorney fees and $20,431.78 in costs. Husband filed objections arguing that wife should not be awarded any fees or costs. In September 2023, the trial court held a hearing on attorney fees. At the end of that hearing, the trial court indicated that it intended to award wife approximately half of her requested fees. In January 2024, the trial court issued a judgment awarding wife attorney fees of $100,000 and no costs.

In deciding whether to award fees, the trial court focused on the ORS 20.075(1) factors.[3] The court found, among other things, that both parties' claims and defenses were reasonable and that an award of attorney fees would not deter others from seeking termination of spousal support. Pursuant to ORS 20.075(1)(h), which required the trial court to address "[s]uch other factors as the court may consider appropriate under the circumstances of the case," the trial court considered the parties' relative ability to pay fees. In its written judgment, the trial court explained:

"Wife receives spousal support of $7,500 per month. After taxes it is probably less than about $5,000, so she has a modest income.

"There was no testimony of Husband's income. The Court does not know what his income is now, but he is an anesthesiologist physician, and the Court infers that it is substantially more than what Wife is able to earn, in reference to what his income was in the 2011 General Judgment.

"No documents or information was in the record regarding the parties' assets or other financial circumstances.

---

[3] In determining whether to award attorney fees "in any case in which an award of attorney fees is authorized by statute and in which the court has discretion to decide whether to award attorney fees," trial courts must consider the factors listed in ORS 20.075(1).

"Based on these financial considerations, the Court finds Wife does not have the ability to pay all her fees, and Husband is more able to pay fees."

On appeal, in his first assignment of error, husband argues that the attorney fee award should be reversed because there was no evidence to support the trial court's finding under ORS 20.075(1)(h) that wife was unable to pay all her fees and that husband was more able to pay. We reject that argument. The trial court's discretionary award of attorney fees to wife was based on its predicate factual determination that husband was in a better financial position to pay attorney fees than wife, which was a reasonable inference based on the evidence and information in the record. Factors supporting that determination include the trial court's finding, in its judgment denying husband's petition to terminate support, that wife's health issues prevented her from obtaining employment. By contrast, husband is an anesthesiologist. The judgment of dissolution from 2011 stated that his average monthly income was over $40,000 per month. The stipulated supplemental judgment modifying spousal support in 2014 stated that his average monthly income in 2013 was over $30,000 per month. Prior to the trial on husband's petition to terminate or set aside spousal support, husband offered to settle the case for a substantial sum. Thus, it was reasonable for the trial court to infer that husband was better able to pay attorney fees, and that predicate factual determination supported its discretionary decision to award some attorney fees to wife. We therefore reject husband's first assignment of error.

In his second assignment of error, husband argues that he had no meaningful opportunity to present evidence or litigate the issue of the parties' relative ability to pay attorney fees. But, at the end of the hearing on attorney fees, the trial court expressly indicated that, under ORS 20.075(1)(h), it took into consideration that husband's income was substantial while wife's health conditions limited her ability to work. Husband's counsel objected, arguing that wife had not relied on the parties' financial circumstances in seeking fees and that there was no evidence of husband's financial resources. The trial court responded as follows:

"Well, that's certainly—it is one factor when I look at the requirement that I consider such other factors as the court may consider appropriate. I agree that I didn't hear \*\*\* what income [wife] has, and as I've indicated, I'm inferring that [husband] has considerably more income. I don't know exactly what his income is. I did have information from the prior—from the judgment. But one of the things that the Court of Appeals has addressed is ability to pay fees, and I'm simply finding that [wife] does not have the ability to pay all of her fees, and she's still left with a considerable bill, and I think that [husband] is more able to pay fees. But that's just one factor that I've considered in making this decision."

Based on that exchange, husband did have the opportunity to raise the issue below. Although husband may have preferred to have had the opportunity to raise the issue earlier in the litigation over attorney fees, it is difficult to conceive how more specific evidence about husband's and wife's current income or financial resources could have changed or undermined the trial court's reasonable inference that husband was in a better financial position to pay attorney fees.

In *Buchanan and Buchanan*, 328 Or App 6, 13, 536 P3d 1064 (2023), which issued the same day as the hearing on wife's request for attorney fees, we held, among other things, that courts should consider the financial resources of the parties and their disproportionate incomes in deciding whether to make a discretionary fee award. At the hearing, the trial court took note of our decision in *Buchanan*. At or after the hearing in September 2023, and before the entry of the supplemental judgment approximately four months later in January 2024, husband did not request an opportunity to supplement the record to provide additional evidence regarding the parties' respective financial resources. In any event, husband does not argue that additional evidence about husband's and wife's current income or financial resources would have changed the trial court's reasonable inference that he was in a better financial position to pay attorney fees than wife. There was no abuse of discretion in the trial court's award of attorney fees to wife.

Affirmed.